ELIZABETH MEYER, Respondent, *v.* THE PEOPLE'S RAILWAY COMPANY, Appellant

1. *Witnesses — Leading questions in direct examination — Discretion of court touching.* — When and under what circumstances leading questions are permissible on a direct examination rests in the sound discretion of the court trying the cause to determine, and its decision is not assignable for error.
2. *Damages—Street railways—Negligence causing death must be direct cause.* — In actions, under the statute, against a railroad company, of damages for killing, caused by the negligence of defendant, the negligence of the deceased, in order to defeat the action, must have been the direct and proximate, and not the indirect and remote, cause of the death.

*Appeal from St. Louis Circuit Court.*

On the trial the court instructed for plaintiff as follows: "If the jury believe that the plaintiff, Elizabeth, was the wife of John F. Meyer at the time of the latter's death, and further believe that said Meyer died from an injury resulting from or occasioned by the negligence or unskillfulness of any agent or servant of defendant while running, conducting, or navigating one of its cars, and that said Meyer, at the time of such injury, exercised ordinary care and prudence on his part, then the jury

will find for the plaintiff and assess her damages at five thousand dollars."

The defendant asked the following instruction, which the court refused, the defendant excepting: "If the jury believe from the evidence that the collision by which the husband of plaintiff lost his life was caused or contributed to by the fault, negligence, or recklessness of the said husband, they must find for the defendant."

The court then, of its own motion, gave the following instruction, defendant excepting: "If the jury believe from the evidence that the collision by which the plaintiff's husband lost his life was caused, or directly contributed to, by the fault, negligence, or recklessness of the said husband, they must find for the defendant."

*T. T. Gantt*, for appellant.

The instruction given to the jury at the instance of the plaintiff was erroneous. "A railroad company is not bound to exercise the same degree of care in regard to mere strangers, who may voluntarily but unlawfully be on its track, which they owe to passengers conveyed by them." (2 Redf. Railw. subd. 7, § 177; Brand v. Troy & Schenectady R.R. Co., 8 Barb. 368, 378; 6 Duer, 382; 18 N. Y. Court of Appeals, 408, 422; 24 *id.* 430; 1 Allen, 187.) In the case of Huelsenkamp v. Citizens' Railway Co., 37 Mo. 537, the deceased was a passenger—not a stranger.

The instruction was wrong, because the jury were at liberty to infer, and very probably did infer, that the expression "ordinary care and prudence" implied such a degree of those virtues as may, on an average, be seen in the drivers of wagons—such a degree as is common and customary among that reckless class. The term or phrase employed has a defined meaning. The court should have accompanied the use of it with this definition, or else should, instead of using a phrase so likely to mislead, have told the jury that if they believed that such and such facts existed, then a certain legal consequence, favorable or unfavorable to the plaintiff, resulted as a matter of law. Substantially, the jury

were told that they might find to be true all the facts in respect to the conduct of the deceased, which were sworn to by the witnesses, and yet find that he used "ordinary care and prudence"— that is, that such recklessness and perversity as he exemplified were consistent with a legal capacity to complain of the consequences. (Herring v. Wilmington R.R. Co., 10 Ired. 407 ; 18 N. Y. 422 ; 24 N. Y. 430 ; 28 Ill. 299.)

*Kehr & Schulenburg,* for respondent.

I. Plaintiff's instruction states the law of the case correctly. It is based upon the statute under which this action was brought, with the further elements superadded that, to entitle the plaintiff to recover, he must have, "at the time of such injury, exercised ordinary care and prudence on his part." (Gen. Stat. 1865, p. 601, ch. 147, § 2 ; Meyer v. Pacific R.R. Co., 40 Mo. 151 ; Liddy v. St. Louis R.R. Co., 40 Mo. 506, and cases cited in latter.)

II. The court did not err in refusing defendant's instruction and giving its own in lieu thereof. It has been repeatedly held by this court that, to bar a recovery, the fault or negligence of deceased must "directly contribute" to produce the injury. (Huelsenkamp v. Citizens' Railw. Co., 34 Mo. 52 ; Huelsenkamp v. Citizens' Railw. Co., 37 Mo. 552 ; Henrietta Meyer v. Pacific R.R. Co., 40 Mo. 151 — in this case the court modified one of defendant's instructions by inserting, among other things, the word "directly" before "contributed," and the Supreme Court, Judge Wagner delivering the opinion, held that the court below stated the law correctly — pp. 155–6 ; Liddy v. St. Louis R.R. Co., 40 Mo. 513.) And the court below interpolated the word "directly" before "contributed" no less than four times in one of defendant's instructions ; and the Supreme Court, Judge Fagg delivering the opinion, sanctioned the instructions as "presenting the law of the case fairly before the jury." So also in the first Huelsenkamp case, 34 Mo. 52, the court added to one of defendant's instructions the words "and directly" before "contributing thereto."

34—VOL. XLIII.

III. When and under what circumstances a leading question may be put is a matter resting in the sound discretion of the court, and not a matter which can be assigned for error. (1 Greenl. Ev. § 435; Walsh v. Agnew, 12 Mo. 325; State v. Hughes, 24 Mo. 150; Smith v. Hutchins, 30 Mo. 380.)

CURRIER, Judge, delivered the opinion of the court.

This suit is brought upon the statute (Gen. Stat. 1865, p. 601, § 2). The defendant is a corporation operating a street-railroad in St. Louis. The petition alleges that John F. Meyer, without his fault, was run over by one of the defendant's cars, through the negligence of the defendant's servants and agents, and so injured that he died. The plaintiff is his widow, and sues to recover the statutory penalty. The answer denies the alleged negligence of the defendant's agents, and avers that the deceased came to his death through his own fault and want of care. A trial was had, which resulted in a verdict and judgment for plaintiff. The defendant brings the case here by appeal.

On the trial, one of the plaintiff's witnesses, upon being re-examined upon a matter developed by the cross-examination, was asked: "Is it not the duty of a car driver, if he saw a wagon or buggy sliding along the track, or cramped in turning off, to stop?" The question was objected to by defendant as leading and incompetent. The objection was overruled, and the witness answered in the affirmative. This action of the court is urged as a reason for reversing the judgment, although not specified in the assignment of errors.

The question was leading, but leading questions are sometimes permissible on a direct examination. When and under what circumstances they are so rests in the sound discretion of the court trying the cause to determine, and its decision is not assignable for error. (1 Greenl. Ev. § 435.) The witness was an experienced car conductor, and the question called for his opinion in regard to the proper manner of managing a street-car under a given state of facts. Whether he was an expert in such sense as to make his opinions testimony, it is not necessary to inquire,

since his answer could not have misled the jury or prejudiced the defendant. The testimony was simply useless, for it is not to be supposed that the jury was in any danger of acting upon the idea that street-car drivers were at liberty to run over people who might chance to get entrapped in the railroad track, without staying the progress of the car and giving the other party the opportunity of escape.

Complaint is also made of the action of the court in giving and refusing instructions. The instructions given contained correct and appropriate propositions of law, as has repeatedly been decided by this court. Their further consideration is unnecessary. (McKeon v. Citizens' Railw. Co., 42 Mo. 79 ; Morrissey v. Wiggins Ferry Co., *ante*, 380 ; Huelsenkamp v. Citizens' Railw. Co., 37 Mo. 537 ; Meyer v. Pacific R.R. Co., 40 Mo. 151 ; Liddy v. St. Louis R.R. Co., 40 Mo. 506.)

The alleged negligence of the deceased, which is supposed to have contributed to the casualty, in order to defeat the action must have been direct and proximate, and not indirect and remote. This doctrine is established by the foregoing authorities. The defendant's instruction, which affirmed a contrary view, was properly refused. The jury may have failed in their duty, but there is no error in the action of the court, and the judgment must be affirmed. The other judges concur.