TEDFORD, *Appellant*, v. TRIMBLE *et al.*

1. **Specific Performance.** In a suit for the specific performance of a contract for the purchase of land, the evidence of the agreement should be reasonably certain and satisfactory.

2. The finding of the circuit court, that the plaintiff in this cause had failed to make a case for specific performance, approved.

*Appeal from Moberly Court of Common Pleas.*—HON G. H. BURCKHARTT, Judge.

AFFIRMED.

*A. N. McGindley* and *G. F. Rothwell* for appellant.

(1) There was such a part performance of the contract as to take it out of the statute of frauds. *Farrar v. Patton*, 20 Mo. 81; 2 Story's Eq. Jur. (3 Ed.) sec. 744; Willard's Equity, 284; *Rhodes v. Rhodes*, 3 Sandf. 279; *Sutton v. Hayden*, 62 Mo. 101. (2) There was no such laches as to preclude plaintiff from having relief.

*Martin & Priest* for respondents.

(1) The evidence in this case is not sufficient to warrant the relief sought. *Baker v. Vinn·y*, 30 Mo. 121; *Johnston v. Quarles*, 46 Mo. 423; *Forrester v. Scoville*, 51 Mo. 268. (2) The plaintiff was guilty of such delay as to prevent his having relief. 1 Story's Eq., sec. 771.

BLACK, J.—The defendants claim title to the lots in question by the will of Thomas P. White. Plaintiff claims to have a contract with White for the purchase of the property, and asks specific performance of the same. A judgment was recovered against White, J. C.

Tedford, who is plaintiff's father, and several other persons, all of whom were sureties upon a debt to the Horner estate. All the sureties except J. C. Tedford paid their respective shares of the debt. Four lots belonging to Tedford were sold, under execution on that judgment, to pay his share, and White became the purchaser. White had a letter written to plaintiff offering to let him have two of the lots, plaintiff says all four, for the amount thus paid by White therefor. In obedience to that letter plaintiff went from St. Louis to Moberly and made an arrangement with White with respect to the property. Plaintiff then sent a draft to White for one hundred and fifty dollars, the amount for which the property sold at execution sale, and the latter at once conveyed two of the lots to plaintiff, being the homestead of J. C. Tedford. The petition alleges that White refused to convey all four lots, as he had agreed to do, but held the title to the two now in question to protect himself and Cox against their liability as sureties for J. C. Tedford on another debt of one hundred and fifty dollars, and that plaintiff consented that he might hold the same as such indemnity, but for no other purpose. These sureties paid this debt, and plaintiff now offers to refund this amount.

The letter to plaintiff was written in 1876, and the deed to him was made soon thereafter, in the same year. There is no certain proof of the contents of the letter. The evidence of the party who wrote it tends to show that it had reference to all four of the lots. The evidence of this witness, and that of J. C. Tedford and others, is to the effect that White said he only held these two lots to protect himself and Cox because of their suretyship for J. C. Tedford. Plaintiff and White consummated their arrangement at the office of Martin & Priest, and the latter says, in express terms, that

White did not agree to let plaintiff have these lots, but the two only upon which the plaintiff's father resided.

One of the difficulties here is to determine whether the four lots were embraced in the agreement. That they were ought to have been shown by the party asking specific performance with a reasonable degree of certainty. The proof as to this should be satisfactory before specific performance is decreed. *Paris v. Haley*, 61 Mo. 457; *Foster v. Kimmons*, 54 Mo. 492. The circumstances do show that White did not care to speculate on the property of his neighbor, but it is also clear that he did desire to protect himself and Cox, and he knew J. C. Tedford was insolvent. The plaintiff assumed no obligation as to that debt. Plaintiff's case is, in the main, made out by proof of declarations of White, now deceased, a species of evidence to be considered with many grains of allowance, while the party who heard the agreement as consummated is clear to the effect that White did not agree to convey these two lots. White and these defendants have had possession since 1876, and up to 1881 no demand for the property was made by plaintiff. When the title to all four of the lots was assailed plaintiff defended as to his two and White as to these in question, paying the costs and expenses of that litigation. The delay and inaction on the part of the plaintiff is a circumstance against the validity of his demand. On the whole we are satisfied that plaintiff failed to make out a case, and the judgment of the circuit court is affirmed. All concur.