VICTOR G. CHANEY *et al.*, Respondents, v. THE PHŒNIX INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellant.

### St. Louis Court of Appeals, April 9, 1895.

1. **Witnesses**: LEADING QUESTIONS: APPELLATE REVIEW. The action of the trial court in permitting a leading question to be put to a witness will be reviewed on appeal only in cases of flagrant abuse by that court of its discretion in such matters.

2. **Instructions**: DEGREE OF PROOF REQUIRED TO ESTABLISH ORAL CONTRACT FOR FIRE INSURANCE. In all actions of law, a preponderance of evidence is sufficient to make out a case for the party who has the burden of proof. Accordingly, in an action at law on an oral contract for fire insurance, the defendant is not entitled to an instruction requiring the plaintiff to establish the contract by evidence so clear and cogent as to leave no reasonable doubt.

3. ————: SINGLING OUT PARTICULAR FACTS. An instruction is erroneous when it singles out a particular fact for the consideration of the jury, and gives such fact undue prominence.

*Appeal from the Scotland Circuit Court.*—HON. BENJAMIN E. TURNER, Judge.

AFFIRMED.

*G. W. Barnett* for appellant.

(1) Where the assured undertakes to establish an oral contract of insurance when the usual way of transacting the business was by the issuance of a policy and where a written policy was applied for, if upon the whole evidence it is left in doubt whether a binding contract was really made, a recovery will not be permitted. 1 Wood on Fire Ins. [2 Ed.] secs. 6, 13, 17,

and authorities there cited; *McCann v. Ins. Co.*, 3 Neb. 198; *Neville v. Ins. Co.*, 19 Ohio, 452; *Suydam v. Ins. Co.*, 18 Ohio, 459; *Ins. Co. v. Wilcox*, 57 Ill. 180. (2) The court erred in refusing instruction number 5 asked by defendant. Where the issuance of policy is the usual method of effecting insurance and that was the method contemplated, and none 'was issued, such fact is entitled to great weight in determining whether a completed contract has been made. 1 Wood on Fire Ins. [2 Ed.], sec. 6; *Sanborn v. Ins. Co.*, 16 Gray, 454.

*Smott, Mudd & Wagner* for respondents.

(1)    The averments of the petition were sufficient. *Richards v. Ins. Co.*, 57 Mo. 413; *Lingenfelder v. Ins. Co.*, 19 Mo. App. 252; *Clem v. Ins. Co.*, 29 Mo. App. 666; *Brownfield v. Ins. Co.*, 35 Mo. App. 54. (2) Instruction number 4 offered by defendant was properly refused. In any civil action a preponderance of the evidence is sufficient to make out a case for either litigant. *Smith v. Burris*, 106 Mo. 94–101; *Edwards v. Geo. Knapp & Co.*, 97 Mo. 432. (3) Instruction number 5 prayed for by defendant was properly refused, because it was a comment on the evidence and sought to give certain facts undue importance. *Hopper v. Vance*, 27 Mo. App. 336.

ROMBAUER, P. J.—The plaintiffs sue on an oral contract for insurance to cover a loss by fire. The petition states, in substance, that the defendant, in consideration of a premium paid to it, agreed with the plaintiffs to execute and deliver to them a policy in the usual form issued by the defendant, insuring the plaintiffs on a certain house to the extent of $300 against loss by fire for a period of one year from and after March 30, 1894. The petition also states, in substance, that the property insured was totally destroyed by fire during the year

aforesaid and while plaintiffs were the owners thereof, and that plaintiffs duly fulfilled all conditions on their part, and faithfully.complied with all requirements of the insurance contract, and gave the required notice and proofs of loss to the defendant.   The answer is a general denial.  The cause was tried before a jury. The plaintiffs recovered a verdict and judgment, from which the defendant appeals.

The sufficiency of the petition was challenged by a a general objection to the admission of evidence and by motion in arrest, but in no other manner.   Exceptions were taken to the action of the court in overruling these objections, but these exceptions are not pressed on our attention, the defendant, in effect, conceding that, under the rulings in *Richardson v. Insurance Company*, 57 Mo. 413, and *Lingenfelter v. Insurance Company*, 19 Mo. App. 252, the petition is good after verdict.   The errors complained of relate to the admission of certain evidence hereinafter noted, and to the refusal of the two instructions asked by the defendant which are hereinafter set out.

The sole witnesses to the contract of insurance were one of the plaintiffs and the defendant's agent.   The evidence given by this plaintiff tended to show that he applied to the agent for the insurance in question, paying to him at the time part of the premium, and that the agent told him he would place the risk in the defendant company, and that the plaintiffs might consider themselves insured from that date.   The agent represented a number of insurance companies, and the main contention between the parties was, whether the defendant company was agreed upon as the underwriter at the time when the premium was paid.  After this plaintiff had stated, as a witness generally, what passed between him and the agent, he was asked by counsel: "Was there anything said—what was said about what

company?'' The defendant's counsel objected to the question as leading and suggestive, but the court overruled the objection and the defendant excepted. The witness thereupon replied that the agent told him he would put the risk into the Phœnix of Hartford.

In *Myer v. Railway Company*, 43 Mo. 523, it was held that whether leading questions should be permitted rest in the sound discretion of the court, and its decision is not assignable as error. The same view was expressed in *Smith a. Hutchings*, 30 Mo. 380, and *Wilbur v. Johnson*, 58 Mo. 600. This is, perhaps, stating the rule too broadly, as the discretion is not arbitrary but judicial, and judicial discretion is always the subject of review. In *Reber v. Tower*, 11 Mo. App. 199, *loc. cit.* 210, the authorities on this question are collected, and the rule is stated to be that the ruling of the court in permitting leading questions can be reviewed on appeal only in very clear cases of abuse, or, as frequently said, in cases of flagrant abuse. It is evident that, even if we apply this more liberal rule, the defendant has no just ground of complaint in the present instance.

The evidence given by this plaintiff was contradicted by the agent, who was positive that he never told the plaintiff in what company he would place the risk. The fire occurred within two days after this conversation. The agent's evidence was partially contradicted by two witnesses for the plaintiff, who testified in rebuttal that the agent did tell plaintiffs after the fire that he had placed the risk in the Phœnix. This evidence was introduced as impeaching, and not as independent, evidence. Such being, in substance, all the evidence bearing on this question, the court, at the request of the defendant, instructed the jury that, unless the minds of the parties met on the question that the risk was placed in the Phœnix, there could be no recovery, whatever the plaintiff may have understood in

regard to the matter. The defendant also asked the following instructions, which the court refused:

"The court instructs the jury that while it is true that a company, whose usual mode of insuring property is by issuing a written policy of insurance in favor of the insured party, may bind itself by an oral contract of insurance, yet it is not sufficient that the greater weight or preponderance of the evidence be in favor of such contract as in ordinary civil cases, but, before the jury can find the existence of such oral contract of insurance in such case, the evidence of such contract must be so clear and satisfactory as to leave no reasonable doubt upon the minds of the jury as to the existence of such contract; and if, upon all the evidence in this case, you have a reasonable doubt as to whether or not such contract was made, your verdict must be for the defendant."

"The court instructs the jury that, while it is true that defendant may bind itself by a verbal contract of insurance, yet the fact that no policy was in fact issued, and that defendant's method of insuring property was by the issuance of written policies, may be considered by the jury as tending to support defendant's contention that no contract of insurance was actually made."

Where the plaintiff seeks to establish by evidence of an oral contract his right to a policy, the evidence must be clear and conclusive to support a decree in equity. *McCann v. Insurance Company*, 3 Neb. 198; *Suydam v. Ins. Co.*, 18 Ohio, 459; *Neville v. Insurance Company*, 19 Ohio, 452. This is but a branch of the well established rule, that specific performance of a contract will not be decreed on doubtful evidence. *Stevenvenson v. Adams*, 50 Mo. 475; *Mastin v. Halley*, 61 Mo. 196; *Tedford v. Trimble*, 87 Mo. 226. We concede that the rule should be the same where the plaintiff sues at

law, because the position seems to be logically untenable that the *quantum* of evidence necessary to establish a certain fact is dependent, not on the fact sought to be established, but on the forum in which the question is tried.    We have pointed this out in our opinion on the motion for rehearing in *Girard v. Car Wheel Company*, 46 Mo. App. 115.    The supreme court, however, to which the case was certified, in its decision impliedly recognized that such a distinction does exist, and that in all civil actions *at law* a preponderance of evidence is sufficient to make out a case for the party upon whom rests the burden of proof, regardless of the question at issue.    See, also, *Edwards v. Geo. Knapp & Company*, 97 Mo. 432; *Smith v. Burris*, 106 Mo. 94. We must conclude, therefore, that the court did not err in refusing the defendant's instructions first above recited.    The second instruction above recited was erroneous, because it improperly singled out one fact for the consideration of the jury and gave it undue prominence.    The claim of plaintiff was not that he had made an oral contract of insurance, as that instruction assumes, but that he had made a contract for a written policy which was never issued to him.

All the judges concurring, the judgment is affirmed.    Judge BOND concurs in the result.