ISAAC CLARK, Respondent, v. BROTHERHOOD OF LOCOMOTIVE FIREMEN et al., Appellants.

Kansas City Court of Appeals, May 11, 1903.

1. **Trial Practice: SERVICE: ACTION IN REM: STATUTE: APPEARANCE.** A petition in the nature of a creditor's bill seeking to establish a lien on moneys in the hands of subordinate lodges of a benefit society in this State, is a proceeding *quasi in rem* and service on non-resident defendants under section 582, Revised Statutes 1899, is as effectual as personal service and the judgment on such service is as valid in this State as if on personal service, and especially where after judgment such non-residents have appeared generally with a motion for new trial and perfect an appeal which waives all defects in summons, service and return.

2. **Benefit Societies: TOTAL DISABILITY: PLEADING: JUDGMENT.** A petition against a benefit society alleging that "The plaintiff became and now is, and while he may live will continue to be, totally disabled," is not the pleading of a legal conclusion but is the allegation of a fact and is good after judgment, though possibly vague and subject to correction on special demurrer or motion.

3. **Appellate Practice: BENEFIT SOCIETIES: NOTICE: CERTIFICATE.** A benefit society which did not appear until after the judgment can not, in the appellate court, assail the decree on the ground that the plaintiff gave no notice of his disability—and besides an examination of the benefit certificate and by-laws failed to disclose such requirement; nor can such non-appearing defendant complain of the failure to prove the execution of the certificate.

Appeal from Linn Circuit Court.—*Hon. John P. Butler*, Judge.

AFFIRMED.

*E. R. Stephens* and *John H. Murphy* for appellants.

(1) "Personal service of process upon a non-resident defendant in a State other than the State issuing the process, is insufficient to subject his person to the jurisdiction of the court, because a State can not effec-

tively send its process beyond its own limits, and a judgment by default against a non-resident so served is void *in personam,* both within and without the State of its rendition, and no action can be maintained upon it." Reno on Non-residents, sec. 198; Harkness v. Hyde, 98 U. S. 476; Denny v. Ashley, 12 Colo. 165; Weil v. Lowenthal, 10 Ia. 575; Hakes v. Shupe, 27 Ia. 465; Ewer v. Coffin, 1 Cush. 23; Rand v. Hanson, 154 Mass. 87; McEwan v. Zimmer, 38 Mich. 765; Bischoff v. Wethered, 9 Wall. 812. (2) The petition does not state facts sufficient to constitute a cause of action; it will be clearly seen at once, we think, that under the most liberal view of interpretation of the pleadings, the plaintiff was not entitled to a judgment against any of the defendants, for the only paragraph upon which he could possibly predicate any claim was but a mere conclusion of law, the allegation being, "That heretofore, to-wit, on the — day of ——, 1900, the said plaintiff became and now is and while he may live will continue to be totally disabled." "To constitute good pleadings the facts alone must be alleged. It is a general rule which applies to all pleadings, whether at common law, in equity or under the codes, that legal conclusions should not be pleaded, and that a bill, answer, complaint or declaration or other pleading is bad if it contains nothing more than the bare averments of a legal conclusion." 12 Ency. Pl. and Pr. pp. 1020, 1022; Thurley v. Edwards, 18 Mo. App. 689; Pier v. Heinrichoffen, 52 Mo. 336; Wiggins v. Graham, 51 Mo. 17; Curran v. Downs, 3 Mo. App. 468; Miles v. Jones, 28 Mo. 87; Gamage v. Bushell, 1 Mo. App. 418; Kerr v. Simmons, 82 Mo. 269; Commissioners' Court v. Medical Society, 29 So. Rep. 586; Sidway v. Live Stock Co., 163 Mo. 342; 63 S. W. 705; Hand v. St. Louis, 158 Mo. 204; 59 S. W. 92. (3) "Neither the allegation of a conclusion of law nor its denial in a pleading raises an issue; therefore, the mere averment of a legal conclusion does not warrant the introduction of evidence." 12 Encyc.

of Pl. and Pr., pp. 1024 and 1025, citing a large number of cases including Koon v. Tramel, 71 Iowa 133; Ins. Fund v. Boesse, 92 Ky. 296; Templeton v. Sharp, 9 S. W. 697; Griggs v. St. Paul, 9 Minn. 246; Price v. Dayle, 34 Minn. 401; Bank v. Myers, 44 Neb. 309; Hatch v. Peet, 23 Barb. (N. Y.) 582; Davis v. Hoppock, 6 Duer (N. Y.) 256; Seeley v. Ingell, 17 Barb (N. Y.) 530; Thomas v. Desmond, 12 How. Pr. 321; Clevenger v. Ins. Co., 71 Mo. App. 73; Sommers v. Ins. Co., 53 Mo. App. 521; Nester v. Casualty Co., 69 Mo. App. 186; Schiffnon v. Schiffnon, 154 Mo. 204. (4) It has been held that the assured is the party to whom notice of loss must be given and proof furnished. Stimpson v. Ins. Co., 47 Me. 379; Spalding v. Ins. Co., 53 Vt. 156; Ins. Co. v. Mackens, 38 N. J. L. 564; Stanton v. Ins. Co., 21 Low. Can. Jur. 211. "If no proof is furnished the liability does not attach." Davis v. Davis, 49 Me. 282; Jackson v. Ins. Co., 36 Ga. 429; Leadbetter v. Ins. Co., 13 Me. 265. (5) It will be remembered that no evidence was introduced showing the alleged contract to be that of any of the defendants. Kuhl v. Meyers, 35 Mo. App. 206; Miles v. Davis, 19 Mo. 414; Abbott's Trial Evidence (2 Ed.), p. 482; Baker v. Berry, 37 Mo. 307; Kerr v. Ins. Co., 40 Mo. 25; Hadwin v. Ins. Co., 13 Mo. 437; Curry v. Lackey, 35 Mo. 392; State v. Samuels, 28 Mo. App. 652; Bowling v. McFarland, 38 Mo. 465; Pomeroy v. Fullerton, 113 Mo. 440; See Vol. 6 Pl. and Pr. 229.

*T. M. Bresnehen* and *Harry K. West* for respondent.

(1) The service of the summons on the non-resident defendants, in the State of Illinois, was in strict conformity with the provisions of section 582, Revised Statutes 1899. Such service authorized the rendition of a judgment having the same effect and force, within

the limits of this State, as judgments rendered against defendants personally served with summons in this State. That service, in accordance with the statute, authorizes the rendition of a judgment having the force and effect of a judgment *in personam*, in this State, has been directly decided by this court. R. S. 1899, sec. 582; Murdock v. Hillyer, 45 Mo. App. 287. (2) The appearance by the non-resident defendants after judgment, the filing of a motion for a new trial setting up grounds other than the alleged defective service; the appearance by them for the purpose of taking time to file an appeal bond and a bill of exceptions, and the appearance by them for the purpose of filing a joint bill of exceptions with the other defendants, were general appearances and were sufficient to subject the non-resident defendants to the jurisdiction of the court even though no service had been had upon them. Boulware v. Railroad, 79 Mo. 494; Pry v. Railroad, 73 Mo. 123; Tower v. Moore, 52 Mo. 118; Fitterling v. Railroad, 79 Mo. 504. (3) Appellants' learned counsel take it for granted that this is the pleading of a legal conclusion, and not the pleading of a fact, and cite numerous authorities to the effect that facts must be pleaded and not mere conclusions of law. We concede that facts, as distinguished from legal conclusions, must be pleaded. Allegations similar to these have been held to be good in numerous cases in this State. Howe v. Ins. Co., 75 Mo. App. 63; Richardson v. Ins. Co., 57 Mo. 413; Murphy v. Ins. Co., 70 Mo. App. 78; Chaney v. Ins. Co., 62 Mo. App. 45; Bacon on Benefit Societies and Life Insurance, sec. 454; Colley v. Wilson, 86 Mo. App. 396; Harris v. Wilson, 86 Mo. App. 406.

SMITH, P. J.—The defendant, The Brotherhood of Locomotive Firemen, is an unincorporated mutual benefit association located in the State of Illinois, where its chief officers consisting of grand master, grand secretary and treasurer reside. It is composed of numer-

ous subordinate lodges located in various States and among which is the defendant, the Marceline Lodge No. 486 of the Brotherhood of Locomotive Firemen in this State, of which plaintiff is a member. The object and purpose of the association, amongst others, is to insure its members against death and total disability, and to provide for such insurance by the collection of assessments, dues and charges. The controlling and governing body of the association is the grand lodge which exercises a superintending control over all its subordinate lodges, while the chief officers above named are, under the by-laws of the association, entrusted with the possession and control of its moneys and property.

The association through the proper officers of its grand lodge executed and delivered to the plaintiff a beneficiary certificate, whereby it bound itself to pay him fifteen hundred dollars in the event of his total disability. The plaintiff while engaged in the performance of the duties of his employment, received an injury which resulted in his total disability; and though he had paid all the dues and charges required of him, and in all respects fully complied with the by-laws, rules and regulations of the association, yet, it wholly refused and neglected to pay him the amount of said certificate, or in any way to take steps in that direction.

The plaintiff in his petition alleged the facts to be something like we have stated them to be, and then concluded with a prayer "for judgment against all of the defendants for the said sum of fifteen hundred dollars, and further prays that the court will declare and adjudge the said judgment to be a prior lien upon all assessments and charges assessed, charged and collected by the said Brotherhood of Locomotive Firemen, upon and against all its said local lodges in the State of Missouri, and against all the members of all its said local lodges in the State of Missouri, and that such lien be enforced, and that the said defendants, Brotherhood of Locomotive Firemen, F. P. Sargent and F. W. Ar-

nold, be required and compelled to disclose to this court and to the plaintiff, the names, numbers and locations of all its said local lodges in the State of Missouri, with the names of the officers and members thereof, and that the defendants herein and the said local lodges and the officers thereof be adjudged and required to pay into this court all of the said assessments and charges due or collected from all the members of such local lodges, for the defendant Brotherhood of Locomotive Firemen, until the judgment in. this case is paid off and satisfied, and for all other and proper relief.''

The defendants, the Marceline Lodge No. 486, and the master and secretary thereof, appeared and filed their joint answer. The other defendants, the Brotherhood of Locomotive Firemen, the grand master and grand secretary and treasurer, declined to appear and answer, but did appear for the purpose alone of filing a motion to quash as to them the writ of summons and the return thereon, but which was by the court overruled. They made no further appearance until after the finding and decree, when they all unconditionally and unqualifiedly appeared and filed a joint motion for a rehearing.

There was a hearing of the issues made by the pleadings resulting in a decree for plaintiff in conformity to the prayer of the petition; a default being entered as to the defendants' not appearing. A joint appeal was presented here by defendants.

It is not disputed but that the service of the summons on the non-resident defendants was made in strict conformity to the provisions of section 582, Revised Statutes 1899. This is a suit in equity and the petition thereon is in the nature of a creditor's bill. The proceeding is *quasi in rem,* by which it is sought to have a court of equity to lay its strong hand upon a fund— an equitable asset of the defendant association and to impound the same until plaintiff's judgment is satis-

fied; or, in other words, to declare that plaintiff have a lien on the moneys in the hands of the subordinate lodges in this State arising from the collection of assessments, dues and charges, and that such lodges be enjoined from paying over the same to the proper officer of the association until the satisfaction of the plaintiff's judgment. It is therefore seen that this case falls within one of the several classes mentioned in section 575, Revised Statutes 1899, and, as has already been stated, the service of the summons on the non-resident defendants was in conformity to the requirements of· said section 582, hence it was as effectual within the limits of this State as if personally served on them in this State; and that the judgment and decree against them on such service is as valid as if it had been rendered on personal service in this State. Murdock v. Hillyer, 45 Mo. App. 287.

As the court had jurisdiction over the subject-matter of the suit, it was entirely immaterial whether or not the service of the original process as to said non-resident defendants was sufficient or insufficient, since, after the rendering of the decree, they came into court and voluntarily submitted themselves to its jurisdiction by joining the resident defendants in a motion for a new trial based on grounds other than the alleged defective service and in the other steps taken by them to perfect their joint appeal. The general appearance of the non-resident defendants was a waiver of the defects in the summons or in the return thereon, if any there were, so that in any view that may be taken of the case it is clear that the court was authorized to render the decree that it did. Boulware v. Railway, 79 Mo. 494; Fitterling v. Railway, 79 Mo. 504; Pry v. Railway, 73 Mo. 123; Tower v. Moore, 52 Mo. 118. It follows that the contention of the defendants that the de· cree was *in personam* and was unauthorized as to the non-resident defendants can not be upheld. The num-

erous authorities cited by them are wholly inapplicable to a case of this kind.

The defendants further object that the petition is insufficient in allegation to support the decree. It is suggested that the allegation therein contained to the effect that "the plaintiff became and now is and while he may live will continue to be totally disabled" is the pleading of a legal conclusion rather than of fact; but to this we can not yield our assent. Unquestionably, this allegation was one of fact. And this becomes quite apparent by reference to the allegations of the petition which precede and follow it. In the light of the following adjudications we think it was a sufficient allegation of fact. Howe v. Ins. Co., 75 Mo. App. 63; Murphy v. Ins. Co., 70 Mo. App. 78; Colley v. Wilson, 86 Mo. App. 396; Harris v. Wilson, 86 Mo. App. 406; Chaney v. Ins. Co., 62 Mo. App. 45; Richardson v. Ins. Co., 57 Mo. 413. It may have been subject to the objection that it was vague and not specific, but not to the objection lodged against it. If the defendants had cared to do so they could, at the proper time, by a special demurrer or motion, have called the attention of the court to the supposed defect in the allegation and in that way obtained a ruling of the court in respect thereto; but after the decree is rendered, such an objection to it as that made can not be considered.

It is objected that no notice of the disability was given to the association or to any of its officers. As the association did not appear and file an answer contesting the case on the merits, but made default, it is in no situation to assail the decree on any such ground. Besides this, we do not find anything, either in the benefit certificate or in the by-laws in evidence, which requires such notice. And since the association made default, it is further true that it is in no situation to complain that the execution of the benefit certificate was not proved. Besides, we think the answer of the resident defendants, if not expressly, certainly impliedly, ad-

mits this. As far as we are able to discover there is no merit whatever in this contention.

The decree declares no personal responsibility of any member of any subordinate lodge for the amount due the plaintiff on his certificate. The court in making the decree did not proceed upon the theory of personal responsibility of the members of the association as in Kuhl v. Meyer, 35 Mo. App. 206, and other similar cases in this State that might be cited. The decree is only to subject to sequestration, funds of the association in the possession of the subordinate lodges.

The decree, we think, is supported by a petition, the allegations of which are impregnable to assault, and by evidence quite sufficient; and the decree must accordingly be affirmed. All concur.