## GEORGE W. McMURTRY, Appellant, v. FAIRLEY et al.

Division Two, March 6, 1906.

1. **APPEAL: Abstract: No Index: Questions Involved.** Where the abstract has no index and does not otherwise strictly comply with the rules in that it omits the testimony of certain witnesses, but does set forth so much of the record as seems necessary to a full and complete understanding of the only questions presented for determination by the appellate court, the appeal will not be dismissed.

2. **MINOR: Process: Partition.** Service in 1866 upon a minor, there being several defendants, by "reading the summons in his presence and hearing," was not service of process in accordance with the statute then in force. And a judgment rendered by the court based thereon was and is void as to him.

3. ———: ———: **Guardian Ad Litem: Partition.** A minor named as a defendant in partition if not served in accordance with the statute then in force is not brought into court, and the

court is without authority to appoint a guardian *ad litem* for him, and the acts of such guardian and the judgment of the court as to him are void and of no affect.

4. ——: ——: **Life Tenant: Partition: Limitations: Thirty Years.** The Statute of Limitations does not begin to run as to the remainderman during the life of the life tenant. And where, by will, the owner of land gave it to his wife for life and after her death to her children, and partition was begun in 1866 and her minor child was joined therein as one of the defendants and service of process was obtained against him by "reading the summons in his presence and hearing" and a guardian *ad litem* was appointed for such minor and judgment was rendered and the land sold, and thereafter the purchaser and the wife joined in a deed and their grantees have held undisputed possession ever since, the judgment and sale as to the minor were void, and he is not bound by limitations until ten years after the death of his mother, it matters not how old he was at the time of the partition judgment and sale, nor how long the purchasers from his mother have held possession, for the possession of the life tenant is exclusive and can never be adverse to the remainderman. Nor does the thirty-year Statute of Limitations have any application to such a case.

Appeal from Washington Circuit Court.—*Hon. F. R. Dearing,* Judge.

REVERSED AND REMANDED.

*Merrifield W. Huff* for appellant.

(1) The service of summons in the partition suit gave the court no jurisdiction over appellant in this cause and the judgment as to him was void. Fischer v. Siekmann, 125 Mo. 165; Campbell v. Laclede Gas Light Co., 84 Mo. 352; Higgins v. Beckwith, 102 Mo. 456; Payne v. Masek, 114 Mo. 631; Shaw v. Gregorie, 35 Mo. 342; Westmeyer v. Gallenkamp, 154 Mo. 34. (2) The thirty-year Statute of Limitation is no bar to plaintiff in this case. Shumate v. Snyder, 140 Mo. 87; Howell v. Jump, 140 Mo. 457; Fischer v. Siekmann, 125 Mo. 178; Colvin v. Hauenstien, 110 Mo. 575; Thomas v. Link, 113 Mo. 67; Neill v. Howell, 111 Mo. 273; Sher-

wood v. Baker, 105 Mo. 473; Hickman v. Link, 97 Mo. 582.

*Dinning, Hamel & Dinning* for respondents.

(1)  The appeal ought to be dismissed because appellant has wholly failed to comply with rules twelve and thirteen of this court, in the following particulars, to-wit:  Appellant has not filed in this court an abstract of the record, printed in fair type, with a complete index at the end thereof, setting forth so much of the record as is necessary to a full and complete understanding of the questions presented to this court for decision; nor has he served respondent with a copy of the abstract of the record within thirty days before the day on which the cause is set for hearing, nor has he served such copy to this date.   Manual v. Railroad, 86 Mo. 499; Whitehead v. Railroad, 176 Mo. 475; Clements v. Turner, 162 Mo. 466; Brand v. Cannon, 118 Mo. 595; Butler County v. Graddy, 152 Mo. 441; Walser v. Wear, 128 Mo. 652; Halstead v. Stone, 147 Mo. 649; Western Storage and Warehouse Co. v. Glasner, 150 Mo. 426; Lawson v. Mills, 150 Mo. 428; Rule 16 of this court; sec. 863, R. S. 1899; Garrett v. Coal Co., 111 Mo. 279; Long v. Long, 96 Mo. 180; Murrell v. McGuigan, 148 Mo. 334; Snyder v. Free, 102 Mo. 325; Craig v. Scudder, 98 Mo. 664; Bank v. Iron Co., 97 Mo. 38; Flannery v. Railroad, 97 Mo. 192; Jayne v. Wine, 98 Mo. 404; McQueen v. Groff, 105 Mo. App. 165; Mink v. Chesney, 110 Mo. App. 334; Supreme Court Rules 11 and 12. (2) Concede for the sake of argument that appellant is right that "the service of summons in the partition suit gave the court no jurisdiction over appellant." Yet we do not concede that the judgment in the partition case was void as to him. Le Burgeoise v. McNamara, 82 Mo. 189; secs. 48, 49, G. S. 1865. A guardian *ad litem,* appointed by the court has the authority to enter the appearance of a minor, or make any contract in reference to said minor that he could make if he was an adult. Payne v. Masek,

114 Mo. 637. This is in the face of the statutes quoted aforesaid. These statutes gave the court at the time of the partition sale in question the authority to appoint a guardian, and gave that guardian the authority which a minor would have if an adult, and there never has been a time when an adult could not enter his appearance, and there never has been a time when it was held that the filing of an answer was not an appearance.

BURGESS, P. J.—The purpose of this suit is to have ascertained and determined the estate, title and interest of the plaintiff and defendants herein, respectively, in and to one hundred acres of land in Washington county, being the southwest corner of a tract of land confirmed to Joseph McMurtry in the United States Survey No. 2122, in township thirty-five, range one, east of the fifth principal meridian, and known as the John McMurtry tract, of which plaintiff alleges he is the owner in fee of an undivided ninth interest, and that the defendants are the owners of the other undivided eight-ninths, but that defendants refuse to recognize plaintiff as a joint owner of said premises.

Defendants, in their answer to plaintiff's petition, deny that plaintiff is the owner in fee of any interest whatever in said land, and allege that they are the owners in fee of the entire tract, and admit that they refuse to recognize plaintiff as a joint tenant of said premises. The answer concludes with a prayer that the court ascertain and determine the estate, title and interest of the parties to this suit respectively in and to the real estate in question, and to adjudge by its decree that the title to said real estate is in defendants.

The trial resulted in a judgment for defendants, from which plaintiff appeals.

Plaintiff testified in his own behalf substantially as follows:

"Q. You are the plaintiff in this cause? A. Yes, sir. Q. When did your father die? A. In 1855. Q.

How old were you? A. I was 18 months old. Q. How many children did he leave? A. Eleven (one child born after his death). Q. How many of them died before they came of age? A. I do not know. Q. He left yourself and ten other children? A. Yes, sir. Q. Any of them die unmarried? A. Yes, sir; three of them. Q. When did your mother die? A. Eight years ago the 21st day of last December. Q. You know this property sued for? A. Yes, sir; I was raised on it. Q. How long did you live on that property? A. I lived there until I was 19 years old. Q. Was your mother living there at that time? A. Yes, sir."

His cross-examination was as follows:

"Q. Where did you live? A. St. Louis, Mo. Q. What day were you born? A. September 25, 1853. Q. Then you are now 49 years old? A. Yes, sir; 48 and one-half. Q. What was the date of your majority? A. 1874. Q. You have never received anything off that land or been treated as a co-tenant? A. No, sir. Q. Who has been in actual posession? A. H. S. Barger all the time after he purchased at partition sale until my mother and he sold to Jas. F. Bennett. Q. He sold it more than twenty years ago? A. Yes, sir. Q. Bennett took possession after he bought it? A. Yes, sir. Q. Your mother joined in deed to Bennett? A. Yes, sir. Q. Mr. Bennett took charge and occupied it how long? A. 12 or 15 years. Q. Where were you living all that time? A. Part of time in Iron county. Q. This is first suit you ever brought for your supposed rights? A. Yes, sir. Q. Have you been there lately? A. Last summer. Q. You knew Bennett was there during all these years? A. Yes, sir. Q. You knew he was claiming it all? A. I don't know, I know I was claiming one-eighth of it. Q. You laid by and didn't call for it? A. Yes, sir. Q. You have never been in possession of the premises? A. No, sir. Q. Never paid any taxes? A. To be sure I haven't."

The will of John McMurtry was offered in evi-

dence. By this will, which was duly probated and recorded in Washington county, the testator left the above real estate to his wife for her natural life and provided that at her death the same should descend to and vest in her and her children, share and share alike.

Plaintiff then offered in evidence the record of a partition suit of H. S. Barger and Lucinda Barger v. James Kirkpatrick and others. This suit was begun in 1865. The petition in this cause alleged that plaintiffs and defendants were owners in common of the property described in the present petition. That Lucinda McMurtry owns a life estate in same and that plaintiffs own five-ninths of same and defendants own each one-ninth. Plaintiff was made defendant.

In this cause summons were issued. The return as to the plaintiff was as follows: "Served the within summons on within named . . . and George W. McMurtry by reading same in their presence and hearing. Done in the county of Washington and State of Missouri on the 20th day of April, 1865. James C. Libley, sheriff." A guardian *ad litem* was appointed for George W. McMurtry, judgment was rendered, and the land sold for $150 to plaintiff, H. S. Barger.

It was admitted that H. S. Barger married appellant's mother, and that Lucinda Barger and Lucinda McMurtry are one and the same person.

Defendant offered in evidence deed from H. S. Barger and wife to James F. Bennett, dated February 23, 1883, recorded in book 29, page—, conveying land in dispute.

Deed from James F. Bennett to F. T. Grisham, dated December 10, 1896, recorded in book 41, page 9, conveying same land.

Deed from F. C. Grishman and wife to defendants, dated August 15, 1900, recorded in book 44, page 320, conveying the same lands.

Defendants then proved that some one of above

parties had been in exclusive possession of the property since the death of plaintiff's father.

At the end of the case the plaintiff asked the court to declare the law applicable to this case as follows:

"The court declares as a matter of law that the plaintiff in this cause was entitled to bring his action any time within ten years after the death of his mother, to whom the property was left by the will of plaintiff's father, and the court further declares that such time within which suit might be brought was not shortened by the suit in partition by which the mother's life estate was conveyed to H. S. Barger."

This instruction was refused, to which action of the court plaintiff saved his exception and the court rendered its decree, vesting the title to the whole tract in the respondents, holding that at the time his suit was brought the appellant had no right, title, interest or estate in the said real estate or any part of it and enjoined appellant from asserting any right, title, interest or claim therein and adjudged the costs against appellant.

To this decree appellant excepted and on same day filed his motion for a new trial on the ground that the court refused his instruction, that the judgment was against the evidence, that it was against the law, that the judgment should have been for the plaintiff and that the evidence showed that the plaintiff was entitled to one-ninth of the property sued for.

This motion was overruled, and exception duly saved. The case is before us on plaintiff's appeal.

Defendants insist that this appeal ought to be dismissed because the plaintiff has failed to comply with rules twelve and thirteen of this court, in that he has not filed an abstract, printed in fair type, with a complete index at the end thereof, setting forth so much of the record as is necessary to a full and complete understanding of the questions presented to this court for decision. The case is brought to this court by a complete transcript, and when such is the case, Rule 12 of

this court provides that "the appellant shall make out and deliver to the respondent a copy of his abstract at least thirty days before the cause is set for hearing, and shall in like time file ten copies thereof with the clerk of this court."

Rule thirteen provides that "the abstract mentioned in Rules 11 and 12 shall be printed in fair type, and shall be paged, and have a complete index at the end thereof, and shall set forth so much of the record as is necessary to a full and complete understanding of all the questions presented to this court for decision. . . . The evidence of witnesses shall be stated in a narrative form, except when the questions and answers are necessary  to a complete understanding of the evidence." '

What plaintiff calls his abstract, and which does in fact embrace the substance of the pleadings, the evidence, instruction asked, and the finding and judgment of the court, as well also as the taking of the appeal by plaintiff, was served upon counsel for defendants on the 16th day of September, 1905, while the cause was set for hearing on the 16th day of October, 1905. The service was, therefore, thirty days before the cause was set for hearing, and was a compliance with rule twelve in that respect. But the document is not a complete abstract, and fails in that regard to comply with said rule. That plaintiff has not complied strictly with rules twelve and thirteen of this court is apparent from a glance at the record and what he calls his abstract, especially in that it has no index at the end thereof, does not set out the evidence of plaintiff, who testified in his own behalf, in narrative form, but by question  and answer, while the testimony of W. F. Bennett, a witness for defendants, is not set out at all; but the document does set forth so much of the record as seems necessary to a full and complete understanding of practically the only question presented by this appeal; that is, as to whether the Statute of Limitations is a bar to this proceeding. The rec-

ord is unusually short, and with the aid of plaintiff's statement and the index to the records we find no difficulty in understanding the issue involved. No injury can result to defendants from the failure of plaintiff to comply strictly with said rules, and we are disinclined, under all the circumstances, to impose upon plaintiff the penalty of a dismissal of his appeal.

From the record the following facts appear:

John G. McMurtry, the father of the plaintiff, died in 1855, in Washington county, in possession of the property in dispute.

He was the father of eleven children, and one child was born to him after its father's death. He left a will by which he conveyed the property in dispute, describing it, to his wife Lucinda McMurtry during her natural life "for the support and education of his children. And at the death of my said wife my land above mentioned and all other property as may then remain unexpended to be equally devided with my eleven children and to their heirs and assigns forever." One child was posthumously born.

Lucinda McMurtry, the widow, afterwards married Henry Shufflebarger, who afterwards had his name changed to H. S. Barger.

In 1866 H. S. Barger and wife, the former having purchased the interest of a number of the heirs, began a suit in partition against the remaining heirs of John G. McMurtry, asking that his property be sold in partition. In this suit the present plaintiff, being then a minor, was made a party defendant, and he was served by the sheriff of the county by "reading the summons in his presence and hearing." This was on the 20th day of April, 1865. A guardian *ad litem* having been appointed for the plaintiff, the suit proceeded to judgment, and the property was sold and bought in by H. S. Barger for $150.

In the partition suit plaintiffs alleged that they and the defendants were the owners of the land in dis-

pute, subject to the life estate of Lucinda McMurtry. Plaintiffs further stated that they were entitled to five-ninths of the tract of land, some of the heirs having died without issue, and that defendants were each entitled to one-ninth, "subject to the rights of Lucinda Barger, who holds a life estate in said land."

After this sale H. S. Barger and his wife remained in possession of the property up to the time they sold the same, after which time Barger's grantees remained in possession until the institution of this suit and the property was at that time in the possession of the defendants in this case, who hold under Barger. Lucinda Barger died in 1895. All the remaining heirs who were minors at the time of the partition suit have conveyed their interests respectively to defendants or their grantors and the present plaintiff is the only party whose interest is or can be in dispute.

John G. McMurtry was the absolute owner of the land in question at the time of his death, and the execution of his will is not disputed. There were eleven children named in his will, and one child was subsequently born; but before the partition suit was begun three of the children had died; so that each child was entitled to one-ninth of the estate. This is admitted by the petition in the partition suit, as is also the fact that the estate of each was a fee, subject to a life estate in Lucinda Barger, formerly Mrs. McMurtry. So that, both by the admissions in the partition suit and by the language of the will, it is shown that at the time of the partition suit in 1865 the plaintiff was entitled to one-ninth of the estate, subject to the life estate of his mother who was at that time the wife of H. S. Barger.

While plaintiff was named as a defendant in said partition suit, he was then a minor, and was not served with process in accordance with the statute in force (G. S. 1865, p. 654), therefore not properly in court, and it is only after an infant defendant is brought into court in this way that a guardian *ad litem* can legally

be appointed. [G. S. 1865, p. 652, par. 8; R. S. 1899, sec. 558.] The court, therefore, was without authority to appoint a guardian *ad litem* for plaintiff in that suit, and the acts of such guardian as to him were void and of no effect. [Payne v. Masek, 114 Mo. 637; Fischer v. Siekmann, 125 Mo. 165; Wright v. Hink, 193 Mo. 130.]

The judgment of partition being void as to the plaintiff, his interest in the land was in no way affected by reason thereof, and as the mother had only a life estate in the land, under the will, she did not hold adversely to him, and the Statute of Limitations did not begin to run against plaintiff, as remainderman, in favor of those holding under her, until after her death, December 21, 1895. Until plaintiff's mother died he could not maintain an action for possession against those in possession holding under her, because her life estate intervened between plaintiff and his right of possession; nor did the sale of the land under judgment in the partition suit of H. S. Barger and Lucinda Barger, his wife, against the heirs of John G. McMurtry, and the purchase of it by the said H. S. Barger and others, deriving title by purchase or otherwise, put the Statute of Limitations in motion against plaintiff, for the reason as stated that he was not entitled to the possession until after the death of his mother. Under the will of John G. McMurtry, his wife Lucinda was given the title to the land for her natural life, which, of course, entitled her to its exclusive possession during that time, and those deriving title through her acquired no greater rights than she acquired under the will. Her possession was in no way adverse to plaintiff; nor did the possession of any person or persons, holding under her, become adverse to plaintiff during her lifetime. "No principle of law is better settled than that the possession of the tenant for life is not adverse to that of the remainderman, and that such tenant cannot, by his dealings with the estate, make his or his grantees' possession adverse to the remainderman, so as to start the Statute of Limi-

tations against him during the life estate.'' [Fischer v. Siekmann, supra; Colvin v. Hauenstein, 110 Mo. 575; Thomas v. Black, 113 Mo. 66; Null v. Howell, 111 Mo. 273; Hickman v. Link, 97 Mo. 482.] The record discloses that plaintiff's mother, the life tenant, died December 21, 1895. This suit was begun on the 4th day of December, 1901, less than six years after plaintiff's cause of action accrued. From what has been said it must needs follow that the thirty-year Statute of Limitations has no application to this case, and cannot be invoked as a defense to this action.

For the refusal of the court to declare the law as asked by plaintiff the judgment is reversed and the cause remanded.

All concur.