Quenton KERR, Plaintiff-Respondent,

v.

Roberta M. KERR, Defendant-Appellant.

No. KCD 26853.

Missouri Court of Appeals,
Kansas City District.

Feb. 3, 1975.

Robert Beaird, Kansas City, for defendant-appellant.

Jolley, Walsh, Gordon & Staab, Kansas City, for plaintiff-respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

SOMERVILLE, Judge.

This is a divorce case wherein the crucial issue is whether jurisdiction was ever acquired by the trial court to enter a valid judgment in favor of plaintiff-respondent (hereinafter referred to as the husband) for divorce and custody of an adopted child.

On June 28, 1972, in the Circuit Court of Platte County, Missouri, the husband filed an action for divorce against defendant-appellant (hereinafter referred to as the wife). On the same date, the husband filed a motion captioned "Plaintiff's Motion for Appointment of Guardian Ad Litem for Defendant." Said motion alleged (1) that the wife "was presently committed to State Hospital No. 2, St. Joseph, Missouri, as a person of unsound mind", (2) that the wife "[b]ecause of her present status . . . may be unable adequately to answer and otherwise defend against or respond to this action", and (3) that the wife had "no legally appointed guardian or natural relative within this Court's jurisdiction to make this request on her behalf." The trial court, on the same date, June 28, 1972, pursuant to said motion, appointed Donald Tharp, Attorney at Law, Platte City, Missouri, as guardian ad litem for the wife in the divorce action. Prior to and at the time the court entered its order appointing Donald Tharp guardian ad litem for the wife, no service of process was ever obtained upon the wife in the divorce action. Parenthetically, Rule 54.06(a), V.A.M.R., in effect at the time (now Rule 54.13(a)) specifically provided a method of obtaining personal service of process upon an incompetent person who had no legally appointed guardian. Of even more profound significance, to date no service of process of any kind has been obtained upon the wife in the divorce action. Notwithstanding Donald Tharp, after entry of the court order on June 28, 1972, "appointing" him guardian ad litem for the wife, proceeded to file answer on behalf of the wife, talked with the wife at the State Hospital, and appeared and actively participated at the trial of the divorce action held June 5, 1973. At the conclusion of the trial, and on the same date, June 5, 1973, the trial court entered a judgment for divorce in favor of the husband and against the wife and awarded the husband the custody of an adopted child. The wife was not present in the Circuit Court of Platte County, Missouri, when the trial court purportedly appointed Donald Tharp as her guardian ad litem for purposes of the divorce action, nor was she present when the case was tried and judgment therein was rendered. In fact, the wife was confined in State Hospital No. 2, St. Joseph, Missouri, from inception of the divorce action until on or about June 8, 1973. It is of collateral significance, and nothing more, that on June 8, 1973, the Probate Court of Platte County, Missouri, vacated an order which it had previously entered on April 17, 1972, recommitting the wife to State Hospital No. 2, St. Joseph, Missouri, on the ground (as best can be ascertained from the record) that no hearing to determine whether the wife was mentally ill was ever held, in accordance with Section 202.807, RSMo 1959, V.A.M.S., as mandated by Section 202.805, RSMo Supp.1967, subsequent to the wife's initial commitment in October of 1967, pursuant to Section 202.800, RSMo Supp.1955. The June 8, 1973 order of the Probate Court of Platte County, Missouri, further ordered that the wife "now detained at the St. Joseph Hospital be released to the custody" of her brother "forthwith". On July 2, 1973, the wife, by and through her attorney (an attorney other than Donald Tharp), filed a motion in the trial court to set aside the judgment entered June 5, 1973, in the divorce action. The sole prayer contained in said motion was that the judgment should be "set aside and held for naught". The wife's motion to set the judgment aside

was anything but a model pleading. It contained five supposedly supportive allegations for the relief being sought, three of which were directed solely to infirmities surrounding the wife's commitment and detention at State Hospital No. 2, St. Joseph, Missouri, and which in no way related to the divorce action, or the merits thereof, or the alleged jurisdictional defect pervading the judgment. The remaining two supportive allegations were, (1) the wife was never personally served in the divorce action, and (2) was restrained from attending the trial of the divorce action. The true thrust of the remaining two supportive allegations, especially when construed in light of the argments made by counsel on both sides at the time the motion to set the judgment aside was argued, was that the trial court had no jurisdiction to proceed with the divorce action in any respect because of lack of service of process of any kind upon the wife and she at no time had entered a general appearance or otherwise waived service of process because of her inability to do so in view of her detention in State Hospital No. 2, St. Joseph, Missouri, from inception of the divorce action to and including a point of time subsequent to entry of the highly suspect judgment. The wife's motion to set the judgment aside was argued and heard by the trial court on July 5, 1973, and on the same date overruled. The wife duly perfected an appeal.

On appeal the wife asseverates that the judgment entered by the trial court was void ab initio and, therefore, a complete nullity. The premise for such being that the trial court never acquired jurisdiction over either her person or the res, the marital status, because no service of process of any kind was ever obtained upon her and she at no time entered a general appearance in the divorce action or otherwise waived service of process.

■ An unyielding commitment by courts to the acquisition of jurisdiction has long been one of man's staunchest allies for the protection of his person and property. This unyielding commitment is basic and firmly entrenched in the law. As stated in State ex rel. Ferrocarriles Nacionales De Mexico v. Rutledge, 331 Mo. 1015, 56 S. W.2d 28, 37 (1932), "[a]bsent a general appearance or waiver of process, by the defendant, there must be service of process on defendant in some mode authorized by law or the court cannot proceed" and "[t]he service of such process is always a prerequisite to jurisdiction over either the person or property of a defendant." See also State ex rel. Williams v. Berrey, 492 S.W.2d 731 (Mo. banc 1973). The husband has tacitly conceded that no service of process of any kind, at any time, was ever obtained on the wife in the divorce action. Assuming that there was no general appearance by the wife, it is elementary that absent service of process on the wife the trial court lacked jurisdiction ab initio and, therefore, the judgment in question would be void ab initio for want of jurisdiction. In State ex rel. Keller v. Porterfield, 283 S.W. 59, 60 (Mo.App.1926), the court noted: "It is relator's position that no court could enter a judgment of any kind, affecting the rights of any individual, without some sort of legal service, and in this he is correct. The law on this point is so elementary that citation of authorities in support thereof is unnecessary."

■ The husband counters the wife's basic and fundamental plea for appellate relief by contending that Donald Tharp, by virtue of the order entered by the trial court "appointing" him guardian ad litem for the wife, had authority to and did enter the wife's general appearance in the divorce action by filing answer, consulting with the wife and actively participating in the trial, thereby obviating any lack of service of process upon the wife in the divorce action. Although no case involving an adult defendant under disability due to mental infirmity has been found, the Supreme Court of this state held, in Wright v. Hink, 193 Mo. 130, 91 S.W. 933, 934 (1906), in an action involving two defendants under the disability of minority,

that until service of process was obtained upon said minor defendants "either personally or constructively by publication, as provided by the statutes referred to, the court [trial court] had no jurisdiction over them, and was without authority to appoint a guardian ad litem for them, and his appearance in the case, in *this* behalf, was of no binding force or effect upon them." See also: McMurtry v. Fairley, et al., 194 Mo. 502, 91 S.W. 902 (1906); and Westmeyer v. Gallenkamp, 154 Mo. 28, 55 S.W. 231 (1900). This court has found no statute, rule of civil procedure or case authority compelling a different conclusion regarding an adult defendant under disability due to mental infirmity. The underlying logic of Wright v. Hink, supra, is equally viable to either situation, disability due to minority or disability due to mental infirmity. Perforce, the trial court lacked jurisdiction or authority in this case to appoint Donald Tharp as guardian ad litem for the wife and his appearance in the divorce action, personified by the filing of an answer and active participation in the trial, was of no binding effect on the wife and in no way constituted a general appearance by her in the divorce action. As a practical matter, Donald Tharp, by reason of his abortive appointment as guardian ad litem for the wife, had no more right, power or authority to bind the wife in the divorce action than a total stranger would have had. There is not one scintilla of evidence in the record to support a finding that the wife, during any consultations initiated by Donald Tharp, or at any other time, authorized or empowered Donald Tharp to represent her in the divorce action or to enter her general appearance therein, or to otherwise waive service of process, even if it be assumed that she was mentally capable of knowingly and voluntarily doing so.

Finally, the husband counters the basic and fundamental plea of the wife for appellate relief by contending that the wife's motion to set the judgment aside constituted a general appearance by her in the divorce action, thereby purging the judgment of any jurisdictional defect. As stated in 6 C.J.S. Appearances § 12, p. 32, "[a] motion to vacate a judgment or order, based on the sole ground of want of jurisdiction of the person, does not constitute a general appearance . . . [a] general appearance is entered, however, if a motion to vacate a judgment or order is based on other than jurisdictional grounds, either wholly, or in connection with an objection to the jurisdiction".

The husband cites Whitledge v. Anderson Air Activities, 276 S.W.2d 114 (Mo. 1955), Case v. Smith, 215 Mo.App. 621, 257 S.W. 148 (1923), Brown v. British Dominions General Ins. Co., Limited, of London, England, 228 S.W. 883 (Mo.App.1920), Pry v. The Hannibal & St. Joseph Railroad Co., 73 Mo. 123 (1880), and Clark v. Brotherhood of Locomotive Firemen, 99 Mo.App. 687, 74 S.W. 412 (1903) as supportive of his contention that the motion to set aside the judgment filed by the wife constituted a general appearance thereby waiving any jurisdictional defect. In each of these cases, however, the motions to vacate the judgments because of lack of jurisdiction were either accompanied or preceded by pleas for additional or alternative relief going to the merits, or pre-trial motions raising lack of jurisdiction were followed by post-trial motions going to the merits. In *Whitledge,* a motion to vacate a judgment because of lack of jurisdiction was accompanied by a motion for a new trial. In *Case,* a pre-trial motion raising lack of jurisdiction, after being overruled, was followed by a post-trial motion striking at the merits of the case. In *Brown,* a motion to vacate a judgment because of lack of jurisdiction also contained grounds directed to the merits of the case. In *Pry,* a motion to set aside a default judgment because of lack of jurisdiction was preceded by a motion to set aside the default judgment and for leave to file answer. In *Clark,* a pre-trial motion attacking jurisdiction, which was overruled, was followed by a post-trial motion for a new trial directed

to matters other than the previously claimed jurisdictional defect.

As previously pointed out, the post-trial motion filed by the wife sought only to have the judgment set aside. The wife did not seek a new trial, nor did she seek any other alternative relief. It is implicit in the wife's motion to set the judgment aside that the supportive ground for the relief prayed for was that since no service of process of any kind was ever had upon her in the divorce action the trial court never obtained jurisdiction over her or the res, the marital status, and, therefore, the judgment entered by the trial court was void ab initio and a complete nullity. As to the three allegations in the wife's motion to set the judgment aside directed solely to the propriety of her commitment and detention in State Hospital No. 2, in St. Joseph, Missouri, this court is unwilling to say that their inclusion in the motion constituted a general appearance in the divorce action since they were wholly unrelated to the divorce action. To hold otherwise would pervert every concept of basic and fundamental logic and reason. With reference to the allegation that the wife was restrained from attending the trial of the divorce action, especially when viewed in the context of the motion in its entirety, and in light of the facts and circumstances of the case, this court concludes that the allegation is most readily susceptible of the interpretation that not only was she not served with process, but she was physically confined and unable to come into court for any purpose, and, therefore, could not have submitted her person to the court's jurisdiction. For reasons stated, the wife's motion to set the judgment aside for lack of jurisdiction did not constitute a general appearance by her in the divorce action.

In conclusion, since no service of process was ever obtained upon the wife in the divorce action, the trial court lacked jurisdiction ab initio and the judgment entered by the trial court was void ab initio and a complete nullity.

The judgment entered in that certain divorce action in the Circuit Court of Platte County, Missouri, captioned "Quenton Kerr, plaintiff, vs. Roberta M. Kerr, defendant," same bearing case No. E–72–392 therein, is hereby declared and held to be void ab initio and the same is hereby set aside and for naught held. This cause is remanded to the trial court with directions that it correct its record in accordance with the opinion herein.

All concur.