WRIGHT v. HINK et al., Appellants.

Division Two, January 31, 1906.

1. **NON-RESIDENTS: Process.** In the absence of an allegation
in the petition, and of an affidavit filed therewith or thereafter
filed, that certain named defendants are non-residents, the
court has no authority to issue a summons for them beyond
its jurisdiction, and if issued and served it is a nullity.

2. ———: ———: **Minors: Guardian Ad Litem: Appearance.** The
appointment of a guardian *ad litem* for minor defendants who
have not been served with process in the manner required
by the statutes, whether residents or non-residents, and the
filing of an answer for them by the guardian *ad litem*, gives
the court no jurisdiction over them, and if they are necessary
parties to the suit a judgment against them will be reversed,
and the cause remanded, although both parties may ask the
court to consider the case just as if all defendants had been
properly served.

Appeal from Cape Girardeau Circuit Court.—*Hon.
Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*John A. Hope* for appellants.

There was no sufficient service of summons on Alex.
Nunn. No affidavit, as required by sections 582 and 575,
Revised Statutes 1899, was ever filed. Therefore, there
was no authority for issuing the summons to the Illinois
sheriff, and the service of the same on him, and all sub-
sequent proceedings in the case, as to him, are nullities.
He is a necessary party to this action, and even if the
court did believe that plaintiff was entitled to the re-
lief asked for in her petition, it could not properly grant
such relief until after Alex. Nunn had been duly served
with process and brought into the case. This error alone
must result in reversal of the judgment. However, we
are very anxious for this court to express its views on

the merits of the controversy, believing that under the conceded facts and under the law applicable to the facts plaintiff has no valid claim to the land in question, and that appellants should be held to be the owners of the land free and clear of any lien or claim on the part of plaintiff arising out of the deed of trust executed by their father in 1885. While we think the case must necessarily be reversed on account of the failure to serve process on Alex. Nunn, we respectfully ask the court to indicate its views on the merits, in order that the title to the property may be settled as soon as possible.

*L. Caruthers* for respondent.

Several attempts to get service on Alex. Nunn, who is now of age, and was of the age of twenty-one when served, and who is one of the defendants in the case, were made before the sheriff of Union county, Illinois, made a sufficient return. The last was made on the 20th day of July, A. D. 1901, and the trial court held this to be a good service. However, we join in with appellants and ask this court to pass on the merits of the case. A reversal and retrial could in no way change the facts. Neither would a reversal give the appellants or their attorney any interest in this little piece of land.

BURGESS, P. J.—This is an action to cancel the satisfaction, entered of record, of a deed of trust, entered by the beneficiary on the deed records of Cape Girardeau county, and to vest in plaintiff and her heirs, title to a certain tract of land, described in the petition, lying and being in said county. There was judgment for plaintiff, in accordance with the prayer of the petition, from which judgment defendants appeal.

The case is brought here under the provision of section 813, Revised Statutes 1899, by filing in this court a copy of the judgment in lieu of a complete transcript.

Appellants have also filed a printed abstract of the record, as provided by said section they might do.

While the judgment recites, and the record shows, that the defendants Alexander and Joel Nunn were minors at the time of the institution of the suit, and the court appointed a guardian *ad litem* for them, by whom they answered, it does not appear from the petition that they were minors, or, from the record that Joel Nunn was ever served with process, or, from any affidavit filed, that Alexander Nunn was a non-resident of this State, although several unsuccessful efforts were made by plaintiff to have him served with process in the State of Illinois. In the absence of an allegation in the petition, or an affidavit filed with it, or thereafter filed, that said Alexander Nunn was a non-resident of this State, there was no authority to issue a summons for him beyond its limits, and the service of such summons, as to him. was a nullity. [Secs. 575, 582, R. S. 1899.] Until process was served upon Joel Nunn and Alexander Nunn, either personally, or constructively by publication, as provided by the statutes referred to, the court had no jurisdiction over them, and was without authority to appoint a guardian *ad litem* for them, and his appearance in the case, in this behalf, was of no binding force or effect upon them.

While we are requested by both parties to pass upon the case just as if all the defendants were properly and legally served with process, yet as Joel and Alexander Nunn are necessary parties to the suit, and as this court has no jurisdiction over them, whatever might be said as to them would be merely *obiter*, and we must decline to do so.

The judgment is reversed and the cause remanded, to be proceeded with in accordance with the views herein expressed.

All concur.