J. J. BICK, Appellant, v. W. A. MAUPIN et al., Respondents.

**St. Louis Court of Appeals, January 18, 1910.**

PROCESS: Service on Non-Residents: Prerequisites. The service of process in another state on a defendant residing there, under Section 582, Revised Statutes 1899, conferred no jurisdiction over him, where there was no averment in the petition that he was a non-resident, and no affidavit to that effect was filed.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*J. J. Bick* for appellant.

The summonses were properly sent and properly served and the return of the sheriffs of Coles county, Illinois, and Van Buren county, Iowa, are in all respects in conformity with the law and are sufficient. Secs. 577, 582, R. S. 1899.

GOODE, J.—This is a proceeding in equity to subject certain personal property of defendant, F. M. Stalker, to the lien of a judgment for $480, obtained against him by plaintiff in the circuit court of Monroe county, April 20, 1901. The petition alleges an execution was sued out on the judgment December 2, 1901, and was levied by the sheriff on the personal property in controversy, the articles of which are not enumerated. Though the statements of the petition are vague, it charges, in a way, that defendant, W. A. Maupin, asserted a claim to a portion of the property levied on as his own, and a claim to a lien on the remainder to secure payment of the rent of a farm said Stalker occupied as tenant of Maupin, as some of the property

consisted of crops grown by Stalker on the farm in the year 1901. In the petition a verified claim or notice of ownership of part of the property and of a lien on the remainder is set forth with an averment that the notice had been served on the sheriff by Maupin and thereupon the sheriff released the property to him. Two other defendants in the case are T. J. Buerk and Chas. T. Stalker. The petition says the rent due Maupin from Stalker had been paid by Buerk; that Maupin, Buerk, F. M. Stalker and Chas. T. Stalker, conspired and confederated to represent the rent had not been paid and thereby prevent collection of plaintiff's judgment. It is prayed the four defendants be compelled to account for and show what money had been paid on the rent or security given therefor; that plaintiff be allowed a full accounting between defendants and himself and for other proper relief. Buerk and Maupin, who are residents of this State, were served personally with writs of summons, but the writs issued for Chas. T. Stalker and F. M. Stalker were returned by the sheriff of Monroe county, "not found." The former resided in Van Buren county, Iowa, and the latter in Coles county, Illinois; so after the *non est* return, process was issued to the sheriff of Coles county, Illinois, commanding him to summon F. M. Stalker to appear and answer to plaintiff's cause on Monday, December 7, 1903, and the like summons was issued to the sheriff of Van Buren county, Iowa, for Chas. T. Stalker. These writs were served and returns made, verified by the affidavits of the foreign sheriffs in compliance with the statute of this State. [R. S. 1899, sec. 582.] The two Stalkers did not answer or appear, and plaintiff asked for a default judgment against them, which request the court refused, holding they had not been summoned so as to confer jurisdiction over them. Plaintiff excepted to the ruling of the court, elected to stand on the service on said defendants, and refused to proceed against the defendants Maupin and Buerk; wherefore the cause was

dismissed for want of prosecution and it was adjudged Maupin and Buerk have and recover of plaintiff their costs. From this judgment plaintiff appealed and assigns for error that the writs of summons issued for the non-resident defendants were properly served and gave the court jurisdiction over said defendants. This position is not well taken, because there was no averment in the petition the foreign defendants were non-residents of this State, nor was an affidavit to that effect filed; hence process could not be issued for them. [Wright v. Hink, 193 Mo. 130, 91 S. W. 933.]

The judgment is affirmed. All concur.