## VOYLES ET AL. *v.* HINDS.

### [No. 23,005. Filed January 25, 1917.]

1. WILLS.—*Objections to Probate.—Complaint and Notices.—* Where one filing objections to the probate of a will with the clerk of the court thereafter fails to file a formal complaint contesting the validity of the will, as provided by §3154 Burns 1914, §2596 R. S. 1881, and to give the notices required by §3156 Burns 1914, §2698 R. S. 1881, the court is without jurisdiction to render judgment in the proceeding. p. 42.

2. WILLS.—*Objections to Probate.—Complaint.—Requisites.—Names of Parties.—*The formal complaint which §3154 Burns 1914, §2596 R. S. 1881, requires to be filed by an objector to the probate of a will is a pleading stating, as prescribed by §343 Burns 1914, §338 R. S. 1881, the title of the cause, the name of the court and county in which the action is brought and the names of the parties to the action, plaintiff and defendant, but where the names are given in the caption of the pleading they need not be repeated in the body thereof. p. 42.

3. WILLS.—*Probate.—Filing Objections with Clerk.—Effect.—* The objections to the probate of a will filed with the clerk of the court under §3153 Burns 1914, §2595 R. S. 1881, operate to prevent the probate before the clerk and to require him to continue the probate until the succeeding term of court, and at such term the objections become *functus officio* and do not constitute a complaint as contemplated by §3154 Burns 1914, §2596 R. S. 1881. p. 42.

4. WILLS.—*Contest.—Failure to Obtain Service on Infant Defendants.—Jurisdiction.—Guardian ad Litem.—*Where, in an action to resist the probate of a will, there was no service upon infant defendants, the trial court was without jurisdiction of their persons, and was not authorized to appoint a guardian *ad litem* for them. p. 43.

From Washington Circuit Court; *William H. Paynter,* Judge.

Action by John Milton Hinds against Jennie Voyles and others. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*James G. Berkey, James M. Fippen, Mitchell & Mitchell,* for appellants.

*Elliott & Houston* and *Wilbur W. Hottel,* for appellee.

ERWIN, J.—On September 19, 1914, Jennie Voyles and Stella Short filed in the office of the clerk of the Washington Circuit Court what purported to be the last will and testament of Amanda J. Hinds and asked that the same be admitted to probate. This was at a time when the circuit court was in vacation. On the same date appellee filed written objections to the probate of the will, which objections were to the effect that said pretended will was unduly executed, was obtained by undue influence, and that said Amanda J. Hinds was, at the time of the attempted execution of the will, of unsound mind. The will disclosed a large number of beneficiaries, and named one Logan Clark as executor.

It appears from the record that, at the October term of the Washington Circuit Court, this proceeding was brought into the circuit court by being placed on the docket of the court and entitled "Jennie Voyles, Stella Short, et al. v. Probate of Will, No. 7016 Estate of Amanda J. Hinds, Dec'd." On November 14, 1914, under the foreging title we find the entry: "Said cause is set for trial January, 25, 1915"; and again under the same title we find the entry: "Set for trial March 22, 1915." No formal complaint was filed to resist the probate of the will. No person or persons were made defendants to any petition objecting to the probate of the will. No notices of any kind were served upon any of the parties named in the will as beneficiaries, nor upon the party named as executor therein.

On March 22, 1915, the case was called for trial and a jury was summoned to hear the cause. It was then suggested to the court that five of the parties named as beneficiaries under the will were minors and non-residents of the state, whereupon the court appointed one James G. Berkey, one of the appellants herein, as guardian *ad litem* for said minors. This guardian *ad*

*litem* called the attention of the court to the fact that no complaint was on file, except the objections to the probate of the will filed in the clerk's office in vacation; that no citation had issued to his wards or to other beneficiaries under the will; and he moved to strike out the objections of John Milton Hinds. All of the adult beneficiaries appeared by counsel and objected to the trial of the cause without the filing of a formal complaint, the issuing of citation thereon at least fourteen days before the day of trial, and the proof of publication of notice to nonresidents; and they moved to strike out appellee's objections to the probate of the will. These objections and the motion to strike out were each overruled and appellants excepted. Trial was had by jury, and a verdict was returned to the effect that the pretended will was invalid and should not be admitted to probate. On this verdict the court entered judgment against all parties named as beneficiaries in the will including said minors. Motion for new trial was filed by appellants and overruled by the court, and an appeal was prayed to this court.

Appellants contend that the court had no power to hear and determine the validity of the will, nor to enter judgment denying probate, without a formal complaint making all parties interested in the will, including the executor named therein, parties to the action with proper notices thereof given at least fourteen days before the day of trial and, as to all nonresidents, notice thereof by publication for three weeks, thirty days before the day of trial.

Appellee contends that no formal complaint is necessary, and that the objections filed in the clerk's office to the probate of the will is all the complaint required; and that no notice to any of the beneficiaries is necessary, but that all parties are bound to take notice that such

objections have been filed.   Appellee cites in support of this proposition the cases of *Steinkuehler* v. *Wempner* (1907), 169 Ind. 154, 81 N. E. 482, 15 L. R. A. (N. S.) 673; *Hoffbauer* v. *Morgan* (1908), 172 Ind. 273, 88 N. E. 337, and *Harbison* v. *Boyd* (1911), 177 Ind. 267, 96 N. E. 587.   In each of those cases it does not affirmatively appear that a formal complaint was filed, but there is no holding in either of those cases that a formal complaint was not necessary.   In fact that question was not in either of those cases, and as there was no contention in regard to the complaint the same was not referred to specifically.   The fact is that in each of those cases a formal complaint was filed with parties plaintiff and defendant, and proper notices were issued.

In *Faylor* v. *Fehler* (1913), 181 Ind. 441, 451, 104 N. E. 22, this court after citing several opinions of this court said: "The construction deducible from these cases seems to be, (1) that the preliminary objections which will arrest probate until the next term of court, must at or before that time be followed by a formal complaint in resistance of probate; (2) that such formal complaint must name as defendants the executor, and all persons beneficially interested, who do not join as plaintiffs or contestants, and that citation must issue for the defendants unless they voluntarily appear, and this appears to us to be the orderly and correct practice."

In *Fillinger* v. *Conley,* 163 Ind. 584, 72 N. E. 597, this court, on page 587, said: "The proceeding before the clerk is necessarily *ex parte.*   On the other hand, it is clear that the proceeding before the court was intended to be of an adversary character, and that the party who unsuccessfully resisted the probate should be estopped by the judgment from contesting the will. *Duckworth* v. *Hibbs* (1871), 38 Ind. 78.   To this end

there must be a party or parties defendant, an issue, and a judgment." Section 3153 Burns 1914, §2765 Burns 1901, provides for the probate of a will before the clerk, and stipulates that where objections are filed with the clerk he shall continue the same until the succeeding term of the court, when, if the person contesting such will fails to resist the probate thereof, the judge of such court may admit such will to probate.

Section 3154 Burns 1914, §2596 R. S. 1881, makes provision as to the complaint and the necessary averments thereof, and as to who shall be made parties.

1. ies. Section 3156 Burns 1914, §2598 R. S. 1881, provides for the service of citation on all defendants and for the time of the hearing. We are of the opinion that the failure of appellee to file a formal complaint in the circuit court contesting the validity of the will and the failure to give the notices required by §3156, *supra,* left the court without jurisdiction to render judgment in this proceeding. By a formal

2. complaint is meant that a pleading shall be filed stating: "The title of the cause, specifying the name of the court and county in which the action is brought, the names of the parties to the action, plaintiff and defendant. §343 Burns 1914, §338 R. S. 1881. But where the names of the parties are given in the caption of a pleading, such names need not be repeated in the body of the pleading. *Cosby* v. *Powers* (1894), 137 Ind. 694, 37 N. E. 321.

The objections to the probate of the will filed with the clerk had the effect of preventing the probate of such will before the clerk and to require him to

3. continue the probate of the will until the succeeding term of court. *Prebster* v. *Henderson* (1917), *ante* 21, 114 N. E. 691. At the next succeeding term of court the objections to the probate of the will filed with the clerk became *functus officio* and had

no place in the pleadings in the case, and did not constitute a complaint as contemplated by §3154 Burns 1914, *supra*.

Appellants insist further that the court had no authority to appoint a guardian *ad litem* for the minors in this case. The record does not show any serv-

4. ice upon the infant defendants; in fact it is admitted that no service was had upon any of them or others. The court had no jurisdiction of their persons and was not authorized to appoint a guardian *ad litem* for them. *Roy* v. *Rowe,* (1883), 90 Ind. 54.

For the reasons herein assigned, the judgment must be reversed, which is accordingly ordered with instructions to the court below to grant a new trial and vacate the judgment entered.

NOTE.—Reported in 114 N. E. 865. Wills: probate of, persons entitled to notice, Ann. Cas. 1914 B 427; general principles relating to probate, 130 Am. St. 187. See under (2) 31 Cyc 96; (4) 22 Cyc 653.