## TAYLOR v. SCOTT.

No. 11582—Opinion Filed May 10, 1921.

Rehearing Denied Aug. 31, 1921.

(Syllabus.)

1. **Infants—Process—Service of Summons.**

Where defendant is a minor under the age of fourteen years, section 4721, Revised Laws 1910, requires service of summons to be upon him and upon his guardian or father, or if neither of these can be found, then upon his mother, or the person having the care or control of the infant, or with whom he lives. Held, service upon the guardian without service upon the minor is insufficient to give the court jurisdiction over the minor.

2. **Same—Alias Summons.**

Where defendant is a minor under the age of fourteen years, by virtue of section 4721, Revised Laws 1910, service of an alias summons upon the minor without service of said alias summons upon either his guardian, father, mother, or person having the care and control of the infant, or with whom he lives, is insufficient to give the court jurisdiction over the minor.

3. **Same—Waiver of Summons.**

The infant cannot waive the issuance of service of summons; nor can any person, not even his guardian, do so for him.

4. **Same—Appointment of Guardian Ad Litem.**

A court cannot appoint a guardian ad litem for an infant until service of summons has been had upon him as required by the statute.

Error from Superior Court, Okmulgee County; H. R. Christopher, Judge.

Action by Thomas Harvey Scott against Sammy Taylor, Jr., a minor, and others. Judgment for plaintiff, and defendant named brings error. Reversed and remanded.

C. W. Holbrook, for plaintiff in error.

L. L. Cowley and W. W. Wood, for defendant in error.

McNEILL, J. This action was commenced in the superior court of Okmulgee county by Thomas Harvey Scott against Sammy Taylor, Jr., Lilia Hanson, and Inez Taylor to quiet title to certain land situated in Okmulgee county. From a judgment in favor of the plaintiff, Sammy Taylor, Jr., the minor, has appealed.

The record disclosed that Sammy Taylor, Jr., was a minor under the age of 14 years and summons was issued out of the superior court on July 28, 1919, and the following return made (omitting the formal parts):

"I executed the same by delivering a copy to Lilia Hanson, Inez Taylor and W. F. Haygood on the 6th day of August, 1919, by delivering to each of said defendants in said county a true copy of the within summons with all the endorsements thereon.

"The following persons of the defendants within named not found in said county: Sammy Taylor. (Signed) H. S. Tucker, Sheriff."

The return of the summons does not disclose that W. F. Haygood was served as guardian of the minor, and does disclose that a copy was not served on the minor. This was not a sufficient service of summons upon the minor to give the court jurisdiction over the minor in the proceeding. Condit v. Condit, 66 Oklahoma, 168 Pac. 456; Bolling v. Campbell, 36 Okla. 671, 128 Pac. 1091; Scott v. Brown, 40 Okla. 148, 137 Pac. 113; Bruner v. Nordmeyer, 48 Okla. 415, 150 Pac. 159; Jefferson v. Gallagher, 56 Okla. 405, 150 Pac. 1071.

On August 29, 1919, an answer was filed by defendant Sammy Taylor, Jr. This did not give the court jurisdiction, for the reason no service of summons had been had upon the minor.

On the 12th day of September, 1919. an alias summons was issued and the following return made (omitting the formal parts): "I summoned the following persons within named at the time following to wit: Sammy Taylor on the 15th day of September, 1919, by delivering, etc." (Signed by sheriff.)

The return disclosed that no copy of this alias summons was served upon the guardian, father, mother, or any other person having the custody or control of the minor as required by section 4721, Revised Laws 1910. and under the authority of Condit v. Condit, supra, and other cases above cited, this was not a legal serice of the summons and insufficient to give the court jurisdiction of the minor.

Thereafter, on the 22nd day of October. 1919, the court made an order appointing C. W. Holbrook guardian ad litem for said Sammy Taylor to make his defense. The court was without jurisdiction to make the appointment of guardian ad litem until after service of summons had been had upon the minor. Condit v. Condit, supra, and other cases above cited.

It is unnecessary for us to discuss the merits of the case except that this is an action to quiet title, asserting that Sammy Taylor, Jr., claimed some interest in the land and contending that the land had been partitioned in a former action where the father of Sammy Taylor, Jr., was a party defendant and at the time the father was a minor. While it is not clear, it appears that the father died while still a minor. Without deciding whether the case is in point or not, we desire to call the attention of counsel to the case of Sawyer v. Ware, 36 Okla. 139, 128 Pac. 273. No legal service of summons having been made on the minor, the superior court acquired no jurisdiction of the minor and had no authority to appoint the guardian ad litem.

The judgment of the court as to Sammy Taylor, Jr., is therefore reversed and remanded, with directions to set aside judgment and take such further proceedings as the parties may desire in accordance with the views herein expressed.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.