367 P.2d 950

Charles N. RONAN, as Guardian ad litem for Peter Robert Makaus, Caroline Veronica Makaus, Matthew Joseph Makaus, Jr. and Mary Virginia Makaus, Appellant,

v.

FIRST NATIONAL BANK OF ARIZONA, Phoenix, Trustee; Caroline G. Block; Gladys M. Makaus; and Matthew Makaus, Appellees.

No. 6989.

Supreme Court of Arizona.

En Banc.

Jan. 10, 1962.

Charles N. Ronan, Scottsdale, in pro. per.

Fennemore, Craig, Allen & McClennen, Phoenix, for appellee, First Nat. Bank of Arizona.

James L. DeSouza, Phoenix, for appellees, Caroline G. Block, Gladys M. Makaus, and Matthew Makaus.

LOCKWOOD, Justice.

Appellee First National Bank of Arizona, as trustee (hereafter referred to as the bank), sought a declaratory judgment to determine whether it was required to deliver certain assets of a trust to appellee Caroline G. Block, one of the settlors thereof. Named as defendants were Caroline G. Block, appellees Gladys M. Makaus (also a settlor) and her husband Matthew Makaus, appellant Charles N. Ronan, "as guardian ad litem for Peter Robert Makaus, Caroline Veronica Makaus, Matthew Joseph Makaus, Jr. and Mary Virginia Makaus," and certain others not concerned in this appeal.

The four Makaus children (hereafter referred to as the minors) are contingent beneficiaries under the trust entitled to receive the corpus upon its termination. The petition was filed on February 25, 1959 and on the same day Ronan was appointed guardian ad litem by order of the superior court. At the time of filing, summons was issued in the names of Caroline G. Block, Gladys M. Makaus, Matthew J. Makaus, *Charles N. Ronan* (without other designation), and the others above mentioned, but the minors were not included. Likewise copies of the summons were prepared for and served only upon those named therein, and none was served upon any of the minors individually. Ronan answered *as guardian ad litem,* denying the right of Caroline Block to withdraw the assets. Caroline G. Block answered and also counterclaimed, asking that the bank be ordered to deliver to her certain assets in addition to those already demanded and designated in the bank's petition. Gladys and Matthew Makaus answered separately, admitting that Caroline Block was entitled to withdraw the assets, and Charles N. Ronan as guardian ad litem for the minors answered, contesting Caroline Block's claims. Judgment on the pleadings in favor of Caroline G. Block, on her answer and counterclaim and for Gladys and Matthew Makaus on their answers, was rendered directing the bank to administer the trust substantially in compliance with Caroline Block's requests. From this judgment Charles N. Ronan as guardian ad litem appeals.

The bank moved to dismiss the appeal, which motion this court took under advisement pending submission of the appeal on its merits. In its motion to dismiss, the bank points out that Rule 4 (16 A.R.S. Rules of Civil Procedure (1956) requires that a minor *must be served in the same*

*manner as an adult,* and that a minor under the age of sixteen must *also* be served by service upon a parent or guardian. Two of the minors here involved were under sixteen at the inception of the action, and it is admitted that none was served personally, although there was personal service on Ronan and Matthew Makaus. The bank therefore asserts that there was failure to comply with Rule 4, insofar as all the minors are concerned. Since service of process is jurisdictional, the bank maintains, the court acquired no jurisdiction over the minors, its purported appointment of Ronan as guardian ad litem was of no effect and hence Ronan who had no personal interest in the subject matter, was powerless to act on behalf of the minors.

Although he did not raise the question in the trial court, Ronan now agrees with the bank that the trial court acquired no jurisdiction over the minors, for lack of service, but urges that he may attack the judgment of the trial court here by raising the question of its jurisdiction. Appellees Block and Makaus claim the trial court had jurisdiction over the minors, and in any event, Ronan, not having raised the question of jurisdiction in the trial court, cannot now do so. Block and Makaus also argue that even if the trial court lacked jurisdiction over the minors, the purported appointment of a guardian ad litem was invalid, and therefore Ronan cannot maintain the appeal, either as such guardian or individually.

We do not believe that Ronan is to be deprived of the opportunity to maintain this appeal because the trial court may not have had jurisdiction to appoint him guardian ad litem. The record shows that he was appointed guardian by the court and that judgment was entered against him as such. He now seeks to set the appointment and judgment aside for lack of jurisdiction. This court has appellate jurisdiction to determine whether the trial court had original jurisdiction,[1] therefore we will not dismiss an appeal when the only basis for such dismissal would be the very jurisdictional question raised by the appellant. To hold otherwise would be drastically to limit the power of the appellate court and deprive the defendant of the opportunity to attack the jurisdiction of the trial court. The motion to dismiss is denied.

We hold that the guardian ad litem's failure to raise the jurisdictional point below did not amount to a waiver of his right to raise it here, on the minors behalf. We believe the basis for this ruling is well

1. Wittemore v. Amoskeag Nat. Bank, 134 U.S. 527, 10 S.Ct. 592, 33 L.Ed. 1002 (1889); Polluck v. Minneapolis & St. L. R. Co., 43 S.D. 456, 180 N.W. 61 (1920); Stone v. Kuteman, 150 S.W.2d 107 (Tex.Civ.App.1941); Sheehan v. Industrial Comm., 272 Wis. 595, 76 N.W. 2d 343 (1956); 4 C.J.S. Appeal and Error § 41 (1957); 3 Am.Jur., Appeal and Error § 727 (1936).

stated in Haden v. Eaves, 55 N.M. 40, 43, 226 P.2d 457, 459 (1950):

"Upon the question whether an infant party may complain in the appellate court of errors not objected to in the trial court, the authorities are not in accord. On the theory that the law jealously guards the rights of infants, and that they are wards of the court and are not to be prejudiced by any act or default of their guardian ad litem, the court being bound to protect their interest notwithstanding the failure of their guardian to do so, the better rule seems to be that the appellate court will protect the rights of infants, although no objection is made or exception is taken in the trial court." [2]

We next consider whether there was substantial compliance with Rule 4 of the Rules of Civil Procedure, which states:

4(b) "The summons shall * * * contain * * * the names of the parties, [and] be directed to the defendant * * *. A copy of the complaint and summons shall be prepared for each defendant."

4(d) "The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

1. "Upon an individual * * * by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein * * *."

2. "Upon a minor under the age of sixteen years, by service in the manner set forth in paragraph 1 of this subdivision upon the minor *and* upon his father, mother or guardian, within this state, * * *." (Emphasis added.)

■ Appellees Block and Makaus admit that the minors were not named in the summons and that copies were not prepared for them; however they maintain that Rule 4 was substantially complied with by service upon the minors' father, Matthew Makaus. In support of this contention, they refer us to two cases from other jurisdictions in which it was held that service upon the parent was service upon the minor.[3] We believe that these cases are not in point as in both the minors were intended to be served by leaving the summons with the parent, the minors were named in the summons, and the return showed that they had been served. In the instant case the record shows that Matthew Makaus was served with two copies of the summons and petition, one each for his wife and himself, both

2. 3 Am.Jur., Appeal and Error § 249 (1936).

3. Purcell v. Gann, 113 Ark. 332, 168 S.W. 1102 (1914); Chicago Ry. Equipment Co. v. Wilson, 250 Ill.App. 231 (1928).

of whom were named as defendants therein. The return did not state that the minors were served nor meant to be served. The rule requires service of process in order to notify all those interested of an impending litigation, and there is nothing in the record in this case indicating that the minors were ever so notified and given the opportunity to protect their interests. In Sleeper v. Killion, 166 Iowa 205, 214, 147 N.W. 314, 317, (1914), a case in which the parents were served on behalf of the minors in accordance with the statute but the minors were named only in the petition; the court said:

> "All these cases * * * [holding such service void] are predicated on the thought that no one can be deprived of life, liberty, or property without due process of law; that notice is essential to due process of law; that in the citation, summons, or process of any kind requiring a person to appear in a court of record, to answer to a charge made against him, he must have notice of the proceedings. The notice must be addressed to him by name. He must be distinctly told in the notice that he is required to appear, and the consequences that will follow his failure to respond. It is not a sufficient answer to say that no prejudice resulted to the defendant from the failure to insert his name in the notice in this particular instance. There is danger in permitting courts to assume jurisdiction to determine and dispose of the rights of parties, upon notice that is not addressed to the party, and in which he is not distinctly informed that his presence is required to protect his interests."

It is one thing to say that the rule was substantially complied with where the only deviation was a failure to name the court,[4] or the infant as plaintiff,[5] or to say that process directed at the minors may be served upon a parent,[6] and quite another thing to say that service upon parents *in their own behalf,* of the summons which were *directed only to the parents,* could satisfy the requirements of Rule 4. We hold, therefore, that the four minors were not personally served in accordance with the rule.[7]

4. Mosher v. Wayland, 62 Ariz. 498, 158 P. 2d 654 (1945).
5. Cahn v. Schmitz, 56 Ariz. 469, 108 P.2d 1006 (1941).
6. Note 3 Supra.
7. Nor would service upon the guardian ad litem qualify as service upon the minors under Rule 4(d), par. 1 which states that service shall be made upon a defendant " * * * by delivering a copy of the summons and of the complaint to an agent authorized * * * by law to receive service of process." There is nothing in our statutes or rules expressly authorizing a guardian ad litem to serve as an agent for service of process upon minor defendants, and the requirement of 4(d), par. 2 that the process be served upon the minor under sixteen *and* upon his guardian, persuades us that there is no such authorization implied.

Block and Makaus contend that despite the failure to comply with Rule 4, the minors were brought within the court's jurisdiction by means of the appointment of, service upon, and appearance by, Charles N. Ronan as guardian ad litem for the minors. They cite Bell v. Bell, 44 Ariz. 520, 39 P.2d 629 (1934). Ronan urges that the rule in Schuster v. Schuster, 75 Ariz. 20, 251 P.2d 631 (1952) applies.

The Bell and Schuster cases are the only decisions of this court dealing with a similar question. In Bell the plaintiffs brought suit to mortgage real property located within the state and named as defendants, minors who had an interest in the property. The record failed to show that the minors were served, but the court nevertheless appointed a guardian ad litem who answered for them; furthermore the minors appeared in person at the trial. The court discussed the original power of the chancery court over the minors and concluded that under this power a guardian ad litem could be appointed without the minors having first been served, and pointed out that in other jurisdictions where an appointment has been held void, there were statutes requiring service upon the minor before a guardian ad litem could be appointed. At that time there was no such statute in Arizona, nor was there one similar to our present Rule 4 requiring personal service upon minors.

In the Schuster case a petition was filed for a declaratory judgment to establish the rights and liabilities of the parties to a trust. Two contingent beneficiaries thereunder were nonresident minors who were not served with process, but a guardian ad litem was appointed and answered on their behalf. The court in Schuster distinguished the Bell case on four grounds:

> " * * * in the Bell case the minors were residents of Arizona; were physically present before the court at the trial; the action concerned realty of the minors situated within the territorial jurisdiction of the court; and, the provisions of § 21–305, A.C.A. 1939, requiring service of copy of the summons and complaint, were not in effect when the Bell case was decided."[8]

After making these distinctions, the court said that it was dealing with an "in personam" action against non-resident minors, and therefore the trial court could not obtain jurisdiction over the minors without personal service upon them, and without jurisdiction could not appoint a guardian ad litem.

In a number of states service of process upon minors has been deemed of sufficient importance to be made by statute

8. 75 Ariz. at 24, 251 P.2d at 633. Rule 4(d) requiring service upon minors personally was not then in existence.

**348**

a condition precedent to the appointment of a guardian ad litem.[9] Decisions under these statutes have declared that no appearance by a guardian appointed without service having been made upon the minors, could submit them to the court's jurisdiction.[10] Other courts have given the same effect to statutes which, like ours, require service upon minors but do not specifically make it a condition precedent to the appointment of a guardian ad litem.[11] These cases point out that due process requires that a party defendant be notified of an impending action in which his interests may be adversely affected,[12] and until the notification procedure prescribed by rule or statute is complied with, the court has no jurisdiction over the person.[13] Therefore when the defendant is a minor who had not been properly served, the court being without jurisdiction, can take no action affecting the minor's personal rights or interests. Since the appointment of a guardian ad litem would be such an action, the court has no power to make the appointment.[14]

■ The inherent power of the equity court over the minors, referred to in the Bell case, exists only so long as it is not inconsistent with the statutes and rules of the state.[15] In light of the decisions of the other states with rules requiring service of process upon minors, we hold that our Rule 4 requires personal service upon minors before the court has the power to appoint a guardian ad litem, and to that extent the equity power is limited. This is the more just interpretation of the rule because:

"* * * if there were to be no service upon minors, it would be entirely possible and would occasionally occur that minors would be deprived of their proper shares in estates and trusts without any knowledge by the minors themselves or by their natural protectors that any proceedings were pend-

---

9. See e. g. Ark.Stats.Anno. § 27–826 (1947); Anno.Cal.Code, C.C.P. § 373 (1954); Fla.Stats. § 47.23 (1959) F.S.A.; Ga.Code, § 81–212 (1933); Code of Iowa, R.C.P. 14 (1958), 58 I.C.A.; K.R.S. § 387.305 (1960); Pages Rev.Ohio Code Anno. § 2307.17 (1954); 12 Okl.St.Ann. § 228 (1937); O.R.S. § 13.040 (1953).

10. See e. g. Moore v. Wilson, 180 Ark. 41, 20 S.W.2d 310 (1929); Akley v. Bassett, 189 Cal. 625, 639, 209 P. 576, 581 (1922); Foster v. Thomas, 112 So.2d 33 (Fla.App.1959); Sleeper v. Killion 166 Iowa 205, 147 N.W. 314 (1914); Adams v. Security Trust Co., 302 Ky. 287, 194 S.W.2d 521 (1946); Taylor v. Scott, 83 Okl. 30, 200 P. 427 (1921); In re Stroman's Estate, 178 Or. 100, 120, 165 P.2d 576 (1946).

11. See e. g. Voyles v. Hinds, 186 Ind. 38, 114 N.E. 865 (1917); Reynolds v. Remick, 327 Mass. 465, 99 N.E.2d 279 (1951); Wright v. Hink, 193 Mo. 130, 91 S.W. 933 (1906); Lella v. Holman, 166 Misc. 796, 3 N.Y.S.2d 352 (1938); Ginn v. Southwest Bitulithic Co., 149 S.W.2d 201 (Tex.Civ.App.1940).

12. Sleeper v. Killion, 166 Iowa 205, 147 N.W. 314 (1914).

13. Wright v. Hink, 193 Mo. 130, 91 S.W. 933 (1906); Lella v. Holman, 160 Misc. 796, 3 N.Y.S.2d 352 (1938).

14. Note 11 Supra.

15. 2 A.R.S. § 1–201 (1956).

ing. However faithful most guardians ad litem may be, it seems to us unnecessary and unwise and not in accordance with the statute to permit such a situation to exist."[16]

 Therefore since the failure to comply with Rule 4 deprived the court of jurisdiction to appoint a guardian ad litem, no appearance by Charles N. Ronan on the minors' behalf could submit them to the court's jurisdiction.[17] We held in the Bell case that the failure of service was a mere irregularity because the guardian adequately defended the minors interests. However we also held that the guardian was properly appointed, therefore he had authority to appear on the minors behalf. Since there was no jurisdiction to appoint Ronan in the instant case, this is not a mere irregularity and no appearance by him can ripen into jurisdiction over the persons of the minors.

As stated in the Schuster case, to hold otherwise:

"* * * would dispense with one of the essentials of our jurisprudence—that every person shall have his day in court. Certainly, where the minors are involved, there can be no dispensing with any of the rights or safeguards created for their protection. It would

be a legal paradox for the courts to throw every conceivable protection around the rights and interests of infants and then disregard the essential fact of jurisdiction, by assuming a jurisdiction which they could not have obtained over an adult under similar circumstances. Neither should courts be zealous to find some theory upon which a method of depriving infants of valuable rights may be sustained."[18]

The minors were not properly brought before the trial court.

 The minors are contingent beneficiaries under the trust, and the instrument provides that they are to receive the corpus upon the trust's termination. They are indispensible parties in any determination of the disposition of the trust funds, which would inevitably affect their rights thereunder. Thus a decision in accordance with Caroline Block's wishes of necessity diminishes the corpus in which the minors have an interest, and no judgment can be rendered " * * * without injuriously affecting the rights of others not brought into the action."[19] Therefore the minors were indispensable parties to the suit.

---

16. Reynolds v. Remick, 327 Mass. at 470, 99 N.E.2d at 282.
17. Schuster v. Schuster, 75 Ariz. 20, 251 P.2d 631 (1952); Cases cited supra, note 11.
18. 75 Ariz. at 28, 251 P.2d at 636.
19. Bolin v. Superior Court, 85 Ariz. 131, 135, 333 P.2d 295, 297 (1958).

For the foregoing reasons we hold the judgment below was void ab initio, and is therefore set aside.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and JENNINGS, JJ., concurring.