818 P.2d 723

**In the Matter of the Appeal in MAR-ICOPA COUNTY JUVENILE ACTION NO. JS–5860.**

**No. 1 CA–JV 90–029.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 22, 1991.

Grant Woods, Atty. Gen. by C. Eileen Bond, Asst. Atty. Gen., Phoenix, for appellant ADES.

Schiffman, Hozier & Kurth, P.C., by Brooks T. Hozier, Phoenix, for appellant Jewish Family and Children's Services.

Gary L. Frank, Phoenix, for Minor Children.

Brenda K. Warneka, Phoenix, for Natural Mother.

Kessler & Doyle by Michael J. Doyle and Eric W. Kessler, Mesa, guardian ad litem for Natural Mother.

## OPINION

TAYLOR, Presiding Judge.

The Arizona Department of Economic Security (ADES) and Jewish Family and Children's Services (JFCS) jointly appeal from the order of the Maricopa County Juvenile Court setting aside a previous order terminating the appellee's parental rights to two of her minor children. The trial court granted the appellee's Rule 60(c) motion to void judgment, concluding that the prior order of the court was void for lack of personal jurisdiction.

### FACTS AND PROCEDURAL BACKGROUND

Appellee is the natural mother of the three minor children designated herein as Baby Boy, Minor Boy, and Minor Girl. On March 5, 1984, these three children were adjudged dependent children and made wards of the Maricopa County Juvenile Court. The natural mother, then unrepresented and incarcerated, did not attend the dependency hearing. Baby Boy had been a temporary ward of the court since approximately ten days after his birth.

On March 5, 1984, the mother was served personally a petition to terminate her parental rights to Baby Boy. The petition alleged as grounds for termination abandonment by the father and the mother, as

well as the mother's inability to discharge parental responsibilities due to mental illness stemming from long-time abuse of drugs. It was further alleged that such condition was likely to continue for a prolonged period because of the mother's refusal of assistance. At the time of service of the petition, the mother was also served with notice of the severance hearing scheduled for April 30, 1984.

The mother did not appear at the severance hearing as originally scheduled. The court ordered the matter continued and appointed a guardian ad litem for the mother, pursuant to Ariz.Rev.Stat.Ann. [hereinafter A.R.S.] § 8–535 (appointment of a guardian ad litem required in termination proceedings involving an allegedly incompetent parent). Later, the court, on its own motion, appointed counsel for the mother.

Following the appointment of the guardian ad litem, the court permitted the filing of an amended petition seeking termination of parental rights to the mother's other two children, Minor Boy and Minor Girl.

It is undisputed that this amended petition was never served personally upon the mother. It is also undisputed that both the mother's guardian ad litem and her attorney received the amended petition and that neither of them had contact with the mother. The attorney filed a response to the amended petition, generally denying the allegations of neglect and abandonment. The response did not raise the issue of lack of service of process, nor was incomplete service of process ever raised as a defense by either the attorney or the guardian ad litem. Service by publication was not attempted.

On January 22, 1985, the severance hearing was held and the mother's parental rights to Baby Boy, Minor Boy, and Minor Girl were terminated on the grounds of abandonment. The maternal grandmother of the children testified at the severance trial. From this testimony, the court found that the mother maintained sufficient contact with the grandmother to know what was taking place in the proceedings and that she failed to take any action toward getting her children returned to her.

The mother's appointed counsel appealed the judgment of the trial court, challenging only the sufficiency of the evidence. The mother was unaware of the appellate proceedings. By memorandum decision, this court affirmed the judgment of the trial court.

On December 28, 1989, the mother, with the assistance of court-appointed counsel, filed a motion to set aside the severance order as it related to Minor Boy and Minor Girl. The mother offered little explanation regarding her five-year silence on the matter.

The trial court granted the mother's motion and set aside the order terminating her parental rights to Minor Boy and Minor Girl on the grounds that the order was void due to lack of service of process as to these two children. This appeal timely challenges that order.

## DISCUSSION

The dispositive issue in this case is whether there was adequate service of process. A.R.S. § 8–535(A) provides for notice as follows: "After the petition has been filed, the clerk of the superior court shall set a time and place for hearing. Notice thereof shall be given to *the parents of the child ... and the guardian ad litem* of any party as provided for service of process in civil actions." (Emphasis added.) In severance proceedings, service of process need not be sufficient to confer *in personam* jurisdiction over the adverse party so long as it otherwise comports to service of process in civil actions. *In re Appeal in Maricopa County, Juvenile Action No. JS–734*, 25 Ariz.App. 333, 338, 543 P.2d 454, 459 (1975). Whatever method of service is utilized, it must give notice sufficient to meet the requirements of due process. *See Sleeper v. Killion*, 166 Iowa 205, 214, 147 N.W. 314, 317 (1914), *cited with approval in Ronan v. First Nat'l Bank of Ariz.*, 90 Ariz. 341, 346, 367 P.2d 950, 953 (1962).

The purpose of process is twofold: (1) It provides the parties with notice of the action, and (2) it vests the court with juris-

diction. *Marks v. LaBerge*, 146 Ariz. 12, 15, 703 P.2d 559, 562 (App.1985) (citing *Scott v. G.A.C. Finance Corp.*, 107 Ariz. 304, 486 P.2d 786 (1971)). The trial court lacks jurisdiction to enter a judgment adverse to a party when there is a lack of proper service on that party. *Kadota v. Hosogai*, 125 Ariz. 131, 134, 608 P.2d 68, 71 (App.1980) (citing *Marquez v. Rapid Harvest Co.*, 99 Ariz. 363, 409 P.2d 285 (1965)).

▉ We first examine the mother's argument that the amended petition seeking severance of the two older children amounted to "new or additional claims for relief" requiring service pursuant to Rule 5(a), Arizona Rules of Civil Procedure.[1] The test to determine whether a new or additional claim is alleged is whether proof of additional facts is required. *Wilson v. Bramblett*, 91 Ariz. 284, 288, 371 P.2d 1014, 1016 (1962) (citing *Kunselman v. Southern Pac. R.R. Co.*, 33 Ariz. 250, 259, 263 P. 939, 941 (1928)). Service of the amended petition on a non-appearing party is required when the claimant "seeks a more onerous judgment than prayed for in the original pleading." 62B Am.Jur.2d *Process* § 135 (1990). Appellants do not seriously dispute these principles of law or that they apply in this case. They contend rather that service was in fact accomplished upon the mother's attorney and guardian ad litem.

▉ We readily conclude that the amended petition required proof of additional facts relating to the existence, paternity, and parental treatment of the two older children and that the amended prayer sought a judgment more onerous than prayed for in the original petition. We therefore hold that the amendment to the pleadings seeking severance of the two additional children constituted two new claims or causes of action and not merely the addition of supplemental issues to an existing cause of action. Proper service upon the mother was required to give the trial court jurisdiction to hear these new claims. *See Edgar v. Garrett*, 10 Ariz. App. 98, 100, 456 P.2d 944, 946 (1969).

▉ Appellants argue the mother's court-appointed attorney could accept service on her behalf. We do not agree.

An attorney, solely by reason of his capacity as attorney, does not thereby become his client's agent authorized by appointment to receive service of process. What is necessary is that it appear that the attorney was authorized, either expressly or impliedly, to receive service of process for his client, and if such agency is to be implied, it must be implied from all circumstances accompanying the attorney's appointment which indicate the extent of authority the client intended to confer.

*Rotary Club v. Chaprales Ramos de Pena*, 160 Ariz. 362, 365, 773 P.2d 467, 470 (App.1989) (citing *United States v. Bosurgi*, 343 F.Supp. 815 (S.D.N.Y.1972)).

In this case, we find neither an expressed nor an implied power in the attorney to accept service on the mother's behalf. The mother did not select the attorney to represent her, was unaware of his appointment by the court, and never had any contact with him. We find nothing to suggest the attorney possessed authority to waive any of the mother's rights. *See In re Interest of A.G.G.*, 230 Neb. 707, 433 N.W.2d 185, 191 (1988) (an attorney appointed on the initiative of the court and who had no contact with the client could not waive rights of the client).

▉ Appellants also argue that appellee's court-appointed guardian ad litem was empowered to accept service of the amended petition on behalf of the appellee. Again, the record fails to show that the mother was aware of the appointment, that she had any contact with the guardian ad litem, or that she expressly or impliedly authorized the guardian ad litem to accept service of process on her behalf. Notice to a guardian ad litem cannot serve as a sub-

1. Rule 5(a), Arizona Rules of Civil Procedure, states, in pertinent part: "No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4."

stitute for service on the party. *Ronan v. First Nat'l Bank of Arizona*, 90 Ariz. 341, 346 n. 7, 367 P.2d 950, 953 n. 7 (1962); *Kadota v. Hosogai*, 125 Ariz. at 138, 608 P.2d at 75 (App.1980).

For comparison purposes, it may be helpful to examine cases involving service of process on a guardian ad litem when a minor or an adjudged incompetent is a party. In determining whether service upon the guardian ad litem of a minor was adequate, the Arizona Supreme Court concluded that service upon both the minor and the guardian ad litem was required. *Ronan*, 90 Ariz. at 348–49, 367 P.2d at 955. In *Kadota*, this court rejected the argument that a guardian ad litem serves as an agent authorized to accept service of process on behalf of an adjudged incompetent. 125 Ariz. at 138, 608 P.2d at 75. Consequently, the appearance of the guardian ad litem on behalf of a party does not subject that party to the court's jurisdiction when there has been a failure of personal service. *Id.* at 138–40, 608 P.2d at 75–77.

The mother's argument in this case is even more compelling. The mother was neither a minor nor had she been adjudged incompetent. She neither authorized nor empowered her court-appointed guardian ad litem to accept service of process on her behalf. Even assuming the validity of the appointment of the guardian ad litem, A.R.S. § 8–535(A) requires that notice be given to the parent *and* the guardian ad litem. Service solely upon the guardian ad litem was insufficient.

■ Appellants argue that the natural father is a necessary party to this action. We find the argument without merit. The father was not a party to the original proceedings and none of his rights are at risk in this action. While he may have an interest in the outcome, we find that he is not a necessary party in an action dealing solely with the severance of parental rights of the mother.

■ Finally, appellants argue that the principle of laches precludes the natural mother from having this judgment set aside. A void judgment does not acquire validity because of laches. *International Glass & Mirror, Inc. v. Banco Ganadero y Agricola, S.A.*, 25 Ariz.App. 604, 605, 545 P.2d 452, 453 (1976) (citing *Misco Leasing, Inc. v. Vaughn*, 450 F.2d 257 (10th Cir. 1971)). "A void judgment ... is subject to direct attack under Rule 60(c) Rules of Civil Procedure." *Springfield Credit Union v. Johnson*, 123 Ariz. 319, 323, 599 P.2d 772, 776 (1979). A court has no discretion but to vacate a void judgment.

## CONCLUSION

Because the mother was not properly served, the severance order relating to Minor Boy and Minor Girl is void. The order of the trial court is affirmed.

CONTRERAS and LANKFORD, JJ., concur.