Rel: November 21, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

_____

### CL-2025-0809

_____

### Ex parte K.M.

### PETITION FOR WRIT OF MANDAMUS

### (In re: The matter of M.K.)

### (Colbert Juvenile Court: JU-19-146.05)

MOORE, Presiding Judge.

K.M. ("the custodian"), who is the custodian of M.K. ("the child"), petitions this court for a writ of mandamus directing the Colbert Juvenile Court ("the juvenile court") to vacate that portion of its September 16,

2025, order directing the custodian to complete service by publication on L.K. ("the father").[1] We deny the petition.

Procedural History

On January 24, 2025, the custodian filed in the juvenile court a petition to terminate the parental rights of both the father and the mother of the child, who was born on November 7, 2016. On February 7, 2025, the juvenile court entered an order that, among other things, directed the juvenile-court clerk to issue service of process on the parents. Although the father had not been served at that time, the juvenile court also appointed John David Paden as counsel to represent the father in the termination-of-parental-rights action.

On June 3, 2025, the custodian filed a motion requesting to serve the father by publication. The custodian asserted, among other things, that the Madison County Sheriff's Office had unsuccessfully attempted to serve the father at his last known address in Huntsville; that the

---

[1]To the extent that the custodian asserts that the juvenile court's September 16, 2025, order directs the custodian to complete service by publication on C.C. ("the mother"), we note that there is nothing in the materials submitted to this court indicating that the juvenile court at any time directed that the mother be served by publication. Accordingly, we limit our consideration of the mandamus petition to that portion of the order directing that the father be served by publication.

sheriff had been informed that the father was no longer residing at the address and had relocated to an undisclosed location; and that, despite diligent efforts, no alternative address had been discovered. On June 6, 2025, the juvenile court entered an order granting the motion for service by publication. On July 23, 2025, the juvenile court entered an order directing the custodian to publish notice of service on the father in Colbert County and in the county of the father's last known address in Huntsville "at least once per week for four (4) consecutive weeks, in accordance with § 12-15-318 of the Alabama Code [1975] and the Alabama Rules of Juvenile Procedure."

On September 3, 2025, before the father had been served by publication, Paden filed in the juvenile court a notice of appearance as counsel for the father. On that same date, Paden filed an answer to the termination-of-parental-rights petition in which he, on behalf of the father, generally denied the allegations therein. On September 3, 2025, the juvenile court entered an order setting the case for a trial to be held on September 18, 2025.

On September 12, 2025, Paden filed a motion to continue the trial scheduled for September 18, 2025; he asserted that it did not appear that

3

a publication notice had been filed in the county of the father's last known address in accordance with Ala. Code 1975, § 12-15-318(d), and requested the entry of an order continuing the trial and directing the custodian to perfect service by publication in the county of the father's last known address in Huntsville. The custodian filed an objection to the motion to continue in which she asserted that the father had waived any objection to improper service of process when Paden appeared in the action and answered the petition without raising the defense of insufficient service. On September 16, 2025, the juvenile court entered an order granting the motion to continue. Specifically, the juvenile court stated that the "matter is hereby continued generally and may be reset by motion of the [custodian] once proof of service has been filed within this case as previously ordered." On September 22, 2025, the custodian timely filed her petition for the writ of mandamus with this court. This court entered an order directing the father to file an answer to the petition.

## Standard of Review

"This Court has consistently held that the writ of mandamus is an extraordinary and drastic writ and that a party seeking such a writ must meet certain criteria. We will issue the writ of mandamus only when (1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3)

4

the petitioner has no other adequate remedy; and (4) this Court's jurisdiction is properly invoked. Ex parte Mercury Fin. Corp., 715 So. 2d 196, 198 (Ala. 1997). Because mandamus is an extraordinary remedy, the standard by which this Court reviews a petition for the writ of mandamus is to determine whether the trial court has clearly abused its discretion. See Ex parte Rudolph, 515 So. 2d 704, 706 (Ala. 1987)."

Ex parte Flint Constr. Co., 775 So. 2d 805, 808 (Ala. 2000).

## Discussion

The custodian asserts that the father waived service of process when Paden filed a notice of appearance and an answer to the termination-of-parental-rights petition; that the issue whether the initial service by publication by the custodian was deficient is moot as a result of the filing of the answer; and that the juvenile court erred in directing the custodian to expend time, energy, and financial resources on perfecting service by publication. We disagree.

We recognize that a parent may waive the defense of insufficient service by generally appearing in a juvenile proceeding without raising the defense. See, e.g., C.M. v. Madison Cnty. Dep't of Hum. Res., 133 So. 3d 890 (Ala. Civ. App. 2013) (concluding that any defects in a motion requesting service by publication were waived by a mother's appointed counsel's notice of appearance; that her counsel's attempt to amend the

5

notice of appearance was unsuccessful; and that, even if the notice of appearance could be amended, the mother had waived the defense of lack of personal jurisdiction by appearing at and participating in the termination-of-parental-rights trial). It is generally presumed that the parent has authorized appointed counsel to make the appearance and to waive the defense of insufficient service on his or her behalf. See D.D. v. Calhoun Cnty. Dep't of Hum. Res., 81 So. 3d 377, 380-81 (Ala. Civ. App. 2011); see also Kingvision Pay-Per-View, Ltd. v. Ayers, 886 So. 2d 45, 53 (Ala. 2003). However, as other jurisdictions have held, when the circumstances indicate that the parent could not have authorized appointed counsel to appear, no waiver of the defense of insufficient service occurs. See In re C.A.C., 222 N.C. App 687, 688-89, 731 S.E.2d 544, 545 (2012) (concluding that summons-related defects in termination-of-parental-rights cases implicate personal jurisdiction and cannot be waived by provisionally appointed counsel); In re Maricopa Cnty. Juv. Action No. JS-5860, 169 Ariz. 288, 291, 818 P.2d 723, 726 (Ariz. Ct. App. 1991) (concluding that, because the mother in a termination-of-parental-rights case did not select her court-appointed attorney to represent her, was unaware of the appointment by the court,

and never had any contact with the appointed attorney, there was nothing to suggest that the attorney possessed authority to waive any of the mother's rights); and In re Interest of A.G.G., 230 Neb. 707, 433 N.W.2d 185, 191 (1988) (declining to conclude that an attorney who had been appointed to represent the mother in a termination-of-parental-rights case and who had appeared on her behalf and had moved the court for specific relief, but had had no contact with the mother, could be said to possess authority to waive the mother's rights to notice).

In this case, the materials before this court indicate that the juvenile court appointed Paden as counsel for the father without the father's knowledge. In the answer to the petition for the writ of mandamus, Paden asserts that he wrote a letter to the father on February 17, 2025, to notify the father of the petition to terminate his parental rights to the child and of his appointment to represent the father and that that letter was returned on February 27, 2025, with a return-to-sender label indicating that the father no longer resided at the address where the letter had been sent. Paden also asserts that, since that time, he has been unable to locate "a good address and/or telephone number for the father." Answer, p. 4. Because the father had not met with Paden,

7

he could not have authorized Paden to enter a general appearance on his behalf or to otherwise waive the defense of insufficient service. Thus, we conclude that the filing of the general appearance and the filing of the answer by Paden did not effectively waive the father's defense of insufficient service.

Furthermore, Alabama law recognizes that a party may be permitted to amend an answer to include a challenge to the sufficiency of service of process and other defenses. See Rule12(h)(1)(B), Ala. R. Civ. P.; D.M.T.J.W.D. v. Lee Cnty. Dep't of Hum. Res., 109 So. 3d 1133, 1140 (Ala. Civ. App. 2012) (concluding that a mother did not waive the defense of lack of personal jurisdiction in a termination-of-parental-rights case by failing to raise it in her first responsive pleading when she was permitted by the juvenile court to amend her answer after her attorney alleged that he had had no contact with the mother, her whereabouts were unknown to him, and he had become aware of certain defenses that she could raise); and D.L.C. v. C.A.H., 764 So. 2d 562 (Ala. Civ. App. 1999) (reversing a judgment terminating a father's parental rights for lack of jurisdiction after concluding that a motion to dismiss filed by counsel appointed after the father had filed a pro se answer that failed to assert lack of personal

8

jurisdiction was considered an amendment to the father's pro se answer to the termination petition). In this case, Paden did not raise the defense of insufficient service in the answer he filed on behalf of the father, but Paden did raise that defense in the motion to continue. The juvenile court could have considered the father's motion to continue as including an amendment to the answer contesting the sufficiency of the service by publication. See McLeod v. White, 45 So. 3d 360, 364 (Ala. Civ. App. 2010) (recognizing that a motion may be treated, in substance, as a pleading when the opposing party is not prejudiced thereby).

In R.M. v. Elmore County Department of Human Resources, 75 So. 3d 1195, 1199 (Ala. Civ. App. 2011), this court stated, in pertinent part:

> "Our supreme court has recognized that
>
>> "'[o]ne of the requisites of personal jurisdiction over a defendant is "perfected service of process giving notice to the defendant of the suit being brought." "When the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally." A judgment rendered against a defendant in the absence of personal jurisdiction over that defendant is void.'
>
> "Horizons 2000, Inc. v. Smith, 620 So. 2d 606, 607 (Ala. 1993) (citations omitted)."

It is apparent in this case that the juvenile court determined that the father had not been properly served and that Paden had not waived proper service on his behalf, so it ordered the custodian to perfect service by publication to ensure that the juvenile court obtained personal jurisdiction over the father. We conclude that the juvenile court did not err in this determination.

The custodian has failed to show that she has a clear legal right to the relief she has requested. The custodian has failed to present any authority indicating that the juvenile court had obtained personal jurisdiction over the father at the time it entered the order appointing counsel to represent him or indicating that the juvenile court was prevented from directing that service by publication be perfected in accordance with its previous order to ensure that it had personal jurisdiction over the father and to avoid any future challenges to the proceedings based on jurisdictional concerns. See, e.g., M.W. v. Montgomery Cnty. Dep't of Hum. Res., [Ms. CL-2024-0615, Dec. 13, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024) (reversing a judgment based on the failure to properly serve a mother by publication or otherwise before the

10

trial and the entry of a judgment terminating her parental rights). Accordingly, we deny the petition.

PETITION DENIED.

Hanson, Fridy, and Bowden, JJ., concur.

Edwards, J., concurs in the result, without opinion.